# Sims v. The State.

*Indictment for Larceny of Calf.*

99    161
121     9

99    161
124    48
124    87
125    51

1. *General charge on evidence.*—In a criminal case, when there is any conflict in the evidence, or different inferences may be drawn from it as to the defendant's intent whether honest or criminal, in the commission of the act charged, he is not entitled to the general charge on the evidence.

FROM the Circuit Court of Bullock.

Tried before the Hon. JESSE M. CARMICHAEL.

The defendant in this case was indicted for the larceny of a "bull yearling," the property of Jeff. Furman. On the trial, the evidence showed that the defendant caught the yearling, one day in February, within two hundred yards of Furman's house, and drove it along the public road to his own house, about two miles distant; that he kept it in a pen near the public road for about two weeks, and then killed it. Furman identified the animal as his by the hide, and the defendant claimed it as his own, having strayed from his premises before Christmas. A witness for the State, who had helped the defendant catch the yearling, testified that the defendant said at the time, "If this is my calf, it has grown mightily, and the spots are much larger;" and further, that the defendant asked two girls, whom they met in the road, if they knew any body in that neighborhood who had lost a calf. The defendant introduced evidence tending to show that the calf was the one which he had lost, but it is unnecessary to set out the evidence at length. The defendant asked the court to charge the jury that, if they believed the evidence, they must acquit him; and he excepted to the refusal of this charge.

NORMAN & SON, for the appellant, cited *Johnson v. State*, 73 Ala. 523; *Green v. State*, 68 Ala. 539; *Rountree v. State*, 58 Ala. 381; 2 East's P. C. 659.

W. L. MARTIN, Attorney-General, for the State.

11

HARALSON, J.—The question of the intent with which the defendant took and carried away the yearling, was not free from doubt, and was one of inference from the evidence, proper to be determined by the jury.    There were conflicts in the evidence,—some tending to establish the case for the State,—and different inferences, as to the intent of the defendant in taking the animal, may be reasonably drawn from it.    In such a case, the general charge in favor of the defendant, was properly refused.—*Johnson v. The State*, 73 Ala. 523; *Bromley v. Birmingham Min. R. R. Co.*, 95 Ala. 397; 11 So. Rep. 341.

Affirmed.