# Dudley *v.* The State.

*Assault with Intent to Rape.*

1. *Rape; what may be proved in trial of.*—A defendant being on trial under an indictment for assault with intent to rape, it was proper for the State to prove that there were no curtains on the window of the room in which the prosecutrix was sleeping on a pallet at the time the attempt was made; and that an electric light shone in the window; both as tending to show that the defendant could see the prosecutrix as she was lying on the pallet, and thus to show his purpose in entering the room, and also as furnishing opportunity to the prosecutrix and another witness to identify the defendant.

2. *Defendant may be recalled as a witness to lay predicate to impeach.*—A defendant who has voluntarily testified in his own behalf and has left the stand, may be recalled at the instance of the State in order to lay a predicate to impeach him.

3. *Intent in assault; when submitted to jury.*—While in a trial of assault with intent to rape, the Court should direct an

[Dudley v. The State.]

acquittal of the felony charged, if the evidence raises a mere suspicion, or, admitting all it tends to prove, defendant's guilt is left in uncertainty, or dependent upon conjecture or probabilities, yet, when the evidence shows that the purpose of the defendant was accompanied by force of a violent character, and that an inference of his guilty intent as specifically charged may be drawn from his acts and conduct, the intent of the defendant should be left to the jury.

APPEAL from the City Court of Mobile.
Tried before the Hon. O. J. SEMMES.
The facts are stated in the opinion.

W. S. LEWIS, for appellant, submitted the following authorities to show that a mere assault and battery will not authorize the submission to a jury of the question of intent in the case of an assault to rape.—*Toulet v. The State,* 100 Ala. 72; *Charles v. The State,* 6 English, 389; *Sanford v. The State,* 12 Tex. Ct. Appeals, 196; *Jones v. The State,* 90 Ala. 628. (2). On the question of the electric light.—1 Brick., 873; 3 Brick., 435. (3). On the matter of recalling defendant to witness stand. Con. Art. I, Sec. 7; Code, § 5297.

- CHAS. G. BROWN, Attorney General, for the State, cited *Johnstons Case,* 73 Ala. 523; *Pelham's Case,* 89 Ala. 28; *Coker's Case,* 91 Ala. 92; *Lucas's Case,* 96 Ala. 51; *Sim's Case,* 99 Ala. 161.

HARALSON, J.—1. The prosecutrix testified that there was an electric light on the corner, which shone in the window of the house, and that there was no curtain to the window. It was in the night time, about midnight, as the evidence tends to show, when defendant raised the window and entered prosecutrix's room. The object of this evidence was to show that defendant could see the prosecutrix through the window, as she slept on a pallet inside the room, and as tending to show his purpose in entering. It was also an important fact as furnishing opportunity to the prosecutrix and another witness in the room at the time, to identify the defendant as the guilty party and was admissible for these purposes. This ruling applies to an objection to a

similar question propounded to the witness, Minnie Gifner, constituting the next exception reserved by defendant.

2. The defendant testifying for himself stated that he did not tell Wiley Orr at the store the next morning (after the commission of the alleged offense), "that he heard the screaming the night before and went to the house and talked to the women and he never did tell Orr any such thing." This appears to have been drawn out on cross-examination by the State, as a predicate for contradicting him by Orr. The State introduced Orr, who testified that he saw defendant several mornings afterwards, but not the next morning after the occurrence. The solicitor then proposed to ask him, what defendant told him about hearing the screaming, and his having gone over and talked to the women, but defendant objected because a predicate for contradicting him had not been properly laid. The solicitor then asked permission to recall defendant to lay the predicate, and defendant objected to being put up by the State, on the ground, that the State had no legal right to put defendant on the stand. The court overruled the objection, and in this there was no error. *Thomas v. The State,* 100 Ala. 53; *Thompson v. The State,* 100 Ala. 70.

3. The prosecutrix testified, that on 23rd of last April, a man (whom she afterwards identified as defendant) came in her room; that there was a large dry goods box in the yard and he rolled that up to the window and got up on it and came in and got on the pallet by her and aroused her by strikng her foot, when she pushed him; that he was down at her feet and came up towards her head, when she called her sister who was in the room; that he put his hand over her mouth and she pulled it off, and he commenced choking her, and she called to her sister again; that her sister got up and struck him, when, to use her language, "he got up then from over me and knocked her down, and about that time the lady friend (shown to have been Miss Gifner, who was on the pallet with her), waked and says, 'Estelle, what is the matter?' and I said 'there is a great big man in the room choking me to death,' and she got up and said, 'Estelle take the hatchet and split his brains out,' and he jumped out of

the window, and tried to get back in the window three times afterwards, and threw bricks, oyster shells and tin cans in the window, and the third time (when) we were hollering murder, and help, he threw the window up and took me by the back of the neck and tried to pull me out, and my sister got him loose; she knocked him loose and we hollered for some time and finally he went away." Prosecutrix's sister was not present at the trial and was not examined. Miss Gifner was examined, and testified to facts substantially corroborating prosecutrix. Both of them identified the defendant as the party who entered the room.

The defendant introduced evidence tending to show he was not the guilty agent.

He requested the court to charge the jury that if they believed the evidence, they could not find him guilty of an assault with intent to rape. This charge was asked, as is argued by defendant's counsel as proper, on the theory, that the evidence is wholly lacking to show that the defendant is guilty of the felonious assault charged. The proposition asserted by counsel, within which he insists the case falls is, that a mere assault, or an assault and battery by a man on a woman is not sufficient evidence to be submitted to the jury, upon a charge of an assault to ravish; that there must be some evidence to show an intent to ravish, and that there must not only be violence used, but that there must be also something to show an intent to have sexual intercourse with the woman. To sustain the contention stated substantially in his own language, counsel cites several authorities, among them our own cases of *Toulet v. The State*, 100 Ala. 72, and *Jones v. The State*, 90 Ala. 628. These cases were properly decided on the facts they involved. In *Jones'* case, the criminal purpose of the defendant was disclosed by him, but he used no violence on the prosecutrix. The court said as to the well established rule of the decisions in such cases, "If the evidence raises a mere suspicion, or, admitting all it tends to prove, defendant's guilt is left in uncertainty, or dependent upon conjecture or probabilities, the court should instruct the jury to acquit. The evidence should be of such character as to overcome, *prima facie*, the presumption of innocence.

[Dudley v. The State.]

It appears that the defendant put his hands lightly on the woman's shoulders, followed her silently about sixty feet, making no threats, or effort to stop her, or attempting any coercion, or doing anything calculated to put her in terror; and when she screamed and ran off, he ran in the opposite direction, without attempting to detain her. These acts and conduct do not reasonably authorize the conclusion, that defendant intended to accomplish his purpose against her will, and by force, if necessary." The court held, that the general affirmative charge, restricted to the acquittal of defendant of the specific felony charged should have been given. It is most manifest, however, that if violence had been used, which reasonably authorized the conclusion that defendant intended to accomplish his purpose against the will of the woman, the ruling would have been different.

*Toulet's* case is to the same general effect. After reviewing the authorities, the court added, applying the principle deduced to the case before it—"In the case we have in hand the accused employed persuasion to induce the little girl to do an immodest and improper act, while there was no testimony of violence, force or threats, used or made by him. If there was any intention on his part to cohabit with her, it is left to inference, as his acts, though indecent and improper, did not clearly and unmistakably indicate such purpose. Neither by word nor act of his is it shown that such was his desire—his purpose to accomplish it at all events, regardless of opposition from her. We hold there was no evidence of an intent to ravish, which justified the submission of its sufficiency to the jury. The general charge asked by defendant ought to have been given."

Again, it is made clear from this decision, that if there had been violence, force or threats used by defendant, to clearly indicate his purpose to ravish the child, the conclusion announced could not have been reached. We know of no rule of law by which, when violence is used on the person of the prosecutrix by defendant, and an inference of his guilty intent as specifically charged may be inferred from his acts and conduct, the case may be taken from the jury in the giving the general charge in

[Brown v. The State.]

his favor. *Sims v. The State,* 99 Ala. 161;*Lucas v. The State,* 96 Ala. 51.

4. In the case before us, the purpose of the defendant, as indicated from the evidence, was accompanied by force of a violent character, and by threats, such as unmistakably indicate that he intended to accomplish his purpose, at all events, regardless of opposition by the prosecutrix, which might have been carried into effect, if the presence and assistance of others present had not deterred him. The general charge for defendant was properly refused.

Affirmed.