# Pumphrey *v.* The State.

## *Rape.*

(Decided May 21st, 1908. Rehearing denied July 3rd, 1908.
47 South. 156.)

1. *Rape; Assault with Intent; Matter to be Proven.*—Force is an
essential element of rape, and to warrant a conviction for an as-
sault with intent to rape, the conduct of the defendant must be
shown to be such as leaves no room for reasonable doubt that he
intended to gratify his lust against the consent and resistance of
the female.

2. *Evidence; Intent; Method of Proof.*—Intent being a state of mind
is rarely ever capable of direct proof, and must usually be in-
ferred from the facts testified to by witnesses, and from the cir-
cumstances attending the case as developed by the evidence.

3. *Rape; Assault with Intent; Evidence.*—In determining whether
an assault was with intent to commit rape, social conditions and
customs founded upon racial differences, such as that the woman
assaulted was a white woman, and the person assaulting was a
negro man, may be considered.

4. *Same; Intent; Evidence; Sufficiency.*—The evidenec in this case
examined and held sufficient to require a submission to the jury
of the question of whether the assault was accompanied with an
intent to commit rape.

    APPEAL from Tuscaloosa County Court.
    Heard before Hon. HENRY B. FOSTER.
    Vit Pumphrey was convicted of an assault with in-
tent to commit a rape, and he appeals. Affirmed.

    VAN DE GRAAFF & SPROTT, for appellant. Proof is
insufficient to warrant a verdict of guilty if the conduct
of the accused is upon reasonable hypothesis consist-

ent with his innocense.—*Jones Case,* 90 Ala. 72; *Green
v. The State,* 68 Ala. 541.  In order to conviction in
this case the evidence must support a reasonable in-
ference that the defendant had formed the design to
have connection with the female by force and in spite
of resistence on her part.—*McNair v. The State,* 53
Ala.

ALEXANDER M. GARBER, Attorney-General, for the
State.

DENSON, J.—The defendant was tried and convicted
for an assault with intent to ravish.  The only question
presented for review by this appeal is the sufficiency
vel non of the evidence to authorize a submission to the
jury of the inquiry as to the defendant's guilt or inno-
cence of the intent to ravish.  In other words, the de-
fendant's insistence is that the court should have in-
structed the jury affirmatively (as requested by him)
that the defendant could not be convicted of an as-
sault with intent to ravish.

The prosecutrix was the only witness examined in
respect to the circumstances of the assault, and it is
upon her evidence, mainly, that the court must decide
the question presented.  She testified substantially as
follows: "I live in Tuscaloosa county, about four miles
from Tuscaloosa, with my brother, B. T. Harper.  One
night last August my brother was away from home.  I
was in the house alone.  I retired very early that night.
I was awakened about 10 o'clock.  Somebody was in my
room.  The first thing that I recollected was some very
heavy pressure on me and I could not move.  Finally
I did move, and I touched somebody—their hand.  I
thought maybe I was mistaken, and I found I was not,
and that it was somebody.  Then I put my hand on his

knee and breast. When I felt his breast his body was raised in the bed. To the best of my recollection his leg was on the bed. His leg was in a bent position. Afterwards I saw some sand on the bed. The window was right at the edge of the bed. The bed stood right in front of the window. The head of the bed was about 4 inches from the wall of the room, and the foot was about 15 inches from the wall. When I felt the pressure of some one, he must have been in the bed. I was in the bed when I got my hand on his. I asked: 'What is that, who are you, and what are you doing in here?' I sprang from the bed, grabbed my doorknob, and opened the door. I was so excited that I came near falling down. While this was going on the person jumped out of the window. He got out of the window after I got out of the bed. The pressure was not that of a hand. It was something heavier than a hand. I could not move. I could not tell whether he was a white man or a negro. I was asleep when he came in the room, and awake when I felt tthe pressure and asked who it was. My hands were not held, and no one had hold of me." In answer to the question on cross-examination, "Did the person in the room make any movement before you moved your hand?" the witness said: "Of course he must have moved, for when I first felt him I could not move. I felt something, but I could not tell what it was until I put my hand on him." She was also asked this question: "At any time after you were aroused, Mrs. Crimm, did that person make an effort to catch hold of your hands, or throat, or make an effort to seize you." "When I moved, it seemed some one had hold of my hand. That was all I recollect." She further testified: When I started out of bed, I said: I will see who you are." When I said that I got out of bed, and he did, too. The window was not closed that night."

The prosecutrix is a white woman, and the defendant a negro. Defendant lived about a quarter of a mile from the Harper house. The principle invoked by the defendant is that force is an essential element of rape, and that, on a charge of assault with intent to commit rape, the evidence, to be sufficient to justify the conviction, should show such acts and conduct on the part of the accused as would leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part. This principle is well supported by our own decisions, and we accept it as the law.—*Jones' Case,* 90 Ala. 628, 8 South. 383, 24 Am. Rep. 850; *Toulet's Case,* 100 Ala. 72, 14 South. 403. While this is true, yet, in making application of the principle in the concrete, each particular case, we think, must stand upon its peculiar facts and circumstances. As to this offense the law looks beyond the act done and embraces the accompanying intent. It is the intent that raises the act to the gravity of a felony, and calls down upon it the greater severity of punishment. Intent, we know being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence.—*Sims' Case,* 99 Ala. 161, 13 South. 498; *Dudley's Case,* 121 Ala. 4, 25 South. 742; *Horn's Case,* 98 Ala. 23, 30, 13 South. 329; *Talbert's Case,* 121 Ala. 33, 25 South. 690. In *McNair's Case,* 53 Ala. 453, the evidence showed that a naked boy, 14 years old, broke into the room where the female alleged to have been assaulted was sleeping; that the female was aroused by feeling the bed jarred, and. that upon drawing up her foot it came in contact with the defendant; and that when the alarm was given the defendant fled. The defendant proved that about a

week prior to the alleged assault he entered the room where the girl was sleeping, and raised her clothes and placed his hand about the middle of her person; that, upon her screaming, he ran out; and that he was not thereafter reproached about this by any one. The court orally charged the jury that, "if the defendant broke into and entered the house with intent upon his part to gratify his passion upon the person of the female, either by force or by surprise, against her consent, then he is guilty as charged."

The case last referred to is more nearly allied to the one at bar in its facts than any of our cases; yet, while in the opinion the court went further than the precise question presented for decision here, we deem that case as authority only in its condemnation of the hypothesis, in the charge given, that the defendant intended to gratify his passion upon the person of the female by surprise. That hypothesis left out of consideration the element of force, and was, of course, properly condemned. In the instant case, if the accused, a negro, under the excitement of lust and with the intention of gratifying it by force, entered the bedroom of Mrs. Crimm, a white woman, about 10 o'clock in the night, and with such intention got upon her person, on the bed in which she was sleeping, though he abandoned his design upon her springing from the bed and opening the door, we apprehend that it could not be said, as a matter of law, that he was not guilty of an assault with intent to ravish.

There is nothing in the evidence to indicate that Mrs. Crimm was not virtuous, or that she had ever had even a conversation with the accused; so that any idea or expectation of permissive intercourse could not have been entertained by the defendant at any time. Again, upon the question of intention, along with the other circum-

stances in evidence, "social customs, founded on race differences," and the fact that Mrs. Crimm was a white person and the defendant a negro, we doubt not, might properly be taken into consideration.—*Jackson's Case,* 91 Ga. 322, 18 S. E. 132, 44 Am. St. Rep. 25. Without further elaboration, we conclude that the evidence of intent to ravish disclosed by the record was sufficient to be submitted to the jury, and, of consequence, that no error was committed in the court's refusal of the written charges requested by the defendant.—*Dudley's Case,* 121 Ala. 4, 25 South. 742; *Brown's Case,* 121 Ala. 9, 25 South. 744; *Jackson's Case, supra; Boon's Case* 35 N. C. 244, 57 Am. Dec. 555; *Harvey's Case,* 53 Ark. 425, 14 S. W. 645, 22 Am. St. Rep. 229; *State v. Hartigan,* 32 Vt. 607, 78 Am. Dec. 609; *State v. Cross,* 12 Iowa 66, 79 Am. Dec. 519.

The judgment of conviction is affirmed.

Affirmed.

TYSON C. J., and HARALSON and SIMPSON, JJ., concur.