(117 So. 615)
## WILSON v. STATE. (4 Div. 401.)

Court of Appeals of Alabama. June 30, 1928.

A. R. Powell, of Andalusia, for appellant. Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

RICE, J. Briefly put, the state's case, as made out by the testimony of its chief witness, Miss Beanie Rhodes, whom we will term the prosecutrix, was substantially as follows:

Appellant drove the car in which he was riding up alongside the prosecutrix, who was walking in the town of Opp, and invited her to ride. After she demurred, on the ground

that the distance was short, that she was only going to her boarding place, etc., and upon appellant's insistence, she accepted the invitation, got into his car, and was driven by and beyond her boarding place; appellant stating, in answer to her protest that she must get out, did not want to go on, etc., that he was only going a short distance out of town, to Hickory Grove, to "see a fellow." When Hickory Grove was reached, upon prosecutrix's demand that appellant stop and let her go back, he replied that the "fellow" lived just a little further on, and kept driving. He turned off the main highway, went some distance, and turned again, and, when he reached a place where it seemed that no people "ever travelled that road," he stopped his car, shut off the engine, and demanded, in colloquial language, that would not look well in print, that prosecutrix allow him to have sexual intercourse with her, accompanying his demand with a physical assault upon her body which could have had no other purpose than the accomplishment of his announced desire. Upon prosecutrix's vigorous resistance, and her "hollering and crying," and two boys being observed upon a neighboring hill, appellant desisted temporarily, but commanded prosecutrix, on penalty of death at his hands, to "get back on the car" (out of which she had been "pushed" by appellant), and announced to her that he was going to take her to "Jackson Woods," and that, if she "wouldn't give up" (meaning, necessarily, let him have intercourse with her), he would kill her. Appellant drove, with prosecutrix in the car, some further distance to a point where the road they were on came into the Florala-Opp highway. Instead of turning the car into the highway in the direction of Opp, where prosecutrix lived, he turned it, over the strenuous objections and physical efforts of prosecutrix, into the highway in the direction of Florala, which was also in the direction of "Jackson Woods," where he had told prosecutrix he was going to take her. Once fairly in said highway, with the car directed as just stated, appellant speeded up his car, whereupon prosecutrix leaped from same, and received distinct injuries to her person.

Appellant's testimony contained a denial of the statements of prosecutrix tending to prove the allegations of the indictment.

■ The jury trying the case found appellant guilty of the offense of "assault * * * with intent to * * * ravish" (Code 1923, § 3303), and he was given a sentence to serve imprisonment in the penitentiary for a term of not less than ten, nor more than twelve, years. It has been said by the Supreme Court of our state that, "on a charge of assault with intent to commit rape, the evidence, to be sufficient to justify the conviction, should show such acts and conduct on the part of the accused as would leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part." And that "this principle [the one contained in the quotation next above] is well supported by our own decisions, and we accept it as the law." Pumphrey v. State, 156 Ala. 103, 47 So. 156. Of necessity, and also quite naturally, this court likewise accepts said principle as the law. Code 1923, § 7318.

■ Applying the principle of law, above, to the evidence in this case, as shown by the bill of exceptions, it is obvious that the question of guilt vel non of appellant of the offense charged in the indictment was properly left to the jury for decision.

■ We think, and hold, that all that took place between appellant and prosecutrix from the time the stop was made on the road described as the one where nobody "ever travelled" to the time that prosecutrix leaped from appellant's car was a part of one continuous transaction—a part of the "assault" charged in the indictment—and that there was no error in the action of the trial court in refusing to require the state to "elect" as to which of the "two" assaults claimed to be shown by the evidence it would proceed upon for a conviction. Similarly, the trial court properly admitted evidence of the transactions along the whole ride of appellant and prosecutrix between the times, or points, mentioned.

■■ Appellant having brought out testimony of the signing by prosecutrix of a certain "statement" favorable to, and put in evidence by, him, it was, of course, permissible for the state to bring out fully the circumstances under which prosecutrix's signature was obtained to said statement. But this right did not, and could not, extend to the point that the state should have been allowed to introduce in evidence the record of the conviction of appellant's father for contempt of court, even if it was shown that his conviction grew out of matters related to, or connected with, prosecutrix's signing said statement. Such evidence, as concerns appellant, was res inter alios acta, and entirely inadmissible. Needless to remark, it must have been highly prejudicial, and for its admission the judgment must be reversed.

The written charges refused to appellant were each manifestly, and obviously, refused without error. They will not be discussed seriatim.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.