160 So. 266

## HOLDER v. STATE.
### 8 Div. 992.

Court of Appeals of Alabama.
March 19, 1935.

Proctor & Snodgrass, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

Waiving all other matters, it will suffice for the disposition of this appeal to quote again the test for the sustaining of a conviction of the offense with which appellant was charged—and of which we may harmlessly here concede the jury convicted him—which we quoted in our opinion in the case of Wilson v. State, 22 Ala. App. 554, 117 So. 615, 616, to-wit: "On a charge of assault with intent to commit rape, the evidence, to be sufficient to justify the conviction, should show such acts and conduct on the part of the accused as would leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part" (Pumphrey v. State, 156 Ala. 103, 47 So. 156); and to remark that, after reading the testimony with care, we are clear to the conclusion that it fails to measure up to the test laid down. We fail to find any evidence at all of an intention on the part of appellant to "gratify his lustful desire," if he had one, on the body of the small child involved. Nor do we find any evidence from which such an intention could be rightfully inferred.

The fact that appellant's conduct, as shown by the testimony on the part of the state, was subject to censure, is no sufficient legal basis for his conviction of the heinous offense indicated by the verdict of the jury.

For the error in overruling his motion to set aside the verdict of the jury and the judgment of conviction rendered thereon, the said judgment is reversed and the cause remanded.

Reversed and remanded.