180 So. 306

### GILBERT v. STATE.

7 Div. 303.

Court of Appeals of Alabama.

March 22, 1938.

Rehearing Denied May 10, 1938.

Scott & Dawson and Isbell & Beck, all of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

RICE, Judge.

"On a charge of assault with intent to commit rape, the evidence, to be sufficient to justify the conviction, should show such acts and conduct on the part of the accused as would leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part." Wilson v. State, 22 Ala.App. 554, 117 So. 615, 616, and authorities cited in the opinion in that case.

As to whether the evidence, in a given case, does "leave no reasonable doubt of his (accused's) intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part"—said evidence being substantial—must, under our law, be left to the decision of the jury.

That is the situation here. Appellant was convicted of the offense of "assault * * * with intent to * * * ravish." Code 1923, § 3303.

We have critically examined the evidence adduced at the trial. It was sufficient, in every respect, to be submitted to the jury. And with their verdict we cannot see that we are authorized to interfere.

Of course, the clothes worn by the young lady at the time of the occurrence having a tendency, as they did, here, to illustrate what happened, there was no error in allowing them to be introduced into the evidence.

The other exceptions reserved on the taking of testimony being obviously, as we read same, without merit, we will not go into a detailed discussion of the rulings underlying them.

We can find no error upon which to rest a reversal of the judgment of conviction, and the same must be, and is, affirmed.

Affirmed.