26 So.2d 211

**McCARTER v. STATE.**

6 Div. 247.

Court of Appeals of Alabama.

May 21, 1946.

Chester Austin, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

It appears from the record in this case that appellant (defendant below) was indicted, tried and convicted for the offense of assault with intent to ravish, and that the trial court fixed his punishment at imprisonment in the penitentiary for a period of ten years.

Upon the trial of the case in the court below innumerable exceptions were reserved to the rulings of the court upon the admission and rejection of the evidence; the refusal of a number of special charges requested in writing; upon the argument of the State solicitor in addressing the jury, and several exceptions were also reserved to certain portions of the oral charge of the court, also to the action of the court in overruling and denying defendant's motion for a new trial, etc. Upon examination we are of the opinion that a number of these exceptions were well taken; but, as we view the case, we do not deem it necessary to advert to many of these insistencies for in our opinion, the facts adduced upon the trial were not sufficient upon which to warrant the conviction of this appellant of the offense charged.

The burden of proof was upon the State, to show by the evidence, under the required rule, to justify a conviction of an assault with intent to commit rape, that from the acts and conduct of the accused his intention was to gratify his lustful desire against the consent of the female notwithstanding resistance upon her part. And the rule is, if the evidence raises a mere suspicion, or, admitting all it tends to prove, defendant's guilt is left in uncertainty, or defendant upon conjecture or probabilities the court should instruct the jury to acquit. In other words, the evidence should be of such character as to overcome, prima facie, the presumption of innocence which attends the accused.

In Pumphrey v. State, 156 Ala. 103, 106, 47 So. 156, 157, the Supreme Court said:

"The principle invoked by the defendant is that force is an essential element of rape, and that, on a charge of assault with intent to commit rape, the evidence, to be sufficient to justify the conviction, should show such acts and conduct on the part of the accused as would leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part. This principle is well supported by our own decisions, and we accept it as the law."

What has been said hereinabove is in accord with a large number of decisions of the Supreme Court of Alabama, in all of which the evidence cited by that court was much stronger, and the circumstances more aggravating than in the instant case. Jones v. State, 90 Ala. 628, 8 So. 383, 24 Am.St. Rep. 850; Toulet v. State, 100 Ala. 72, 14 So. 403.

We refrain from here quoting the facts in the foregoing cases as being unnecessary. By reference to the decisions in the cited cases, supra, the facts stated therein can readily be ascertained, and will disclose as hereinabove stated, said facts in each case, and many others which could be cited, were very much stronger and the circumstances more aggravating than in the case at bar. In said cases, however, the Supreme Court definitely held said facts were not sufficient to support a judgment of conviction for the offense of assault with intent to ravish.

The appellant had been employed by Sears, Roebuck & Company for several years. His father was likewise employed there. Appellant was thirty-four years old and he reported for work about 6:30 A. M. to help clean up the building before the store opened; he was in charge of assembling the material that the other men used to mop the floor, and he actually helped do janitor work himself. He was more or less in charge of the other men.

He reported promptly over the years for work and was very diligent at his job. He bore the very highest reputation among

white people of that section. He bore this reputation among people in whose homes he worked that were employed by Sears, Roebuck & Company. He was implicitly trusted by all who knew him because of his fine reputation and the good character always shown by him. The above was disclosed by the undisputed evidence.

On the morning this alleged incident is alleged to have happened the appellant was on his way to work. Sears, Roebuck & Company's building in Birmingham is approximately two blocks long. The employees' entrance is about two-thirds of the distance of the building going west on the second avenue side. This is where the appellant regularly reported for work each morning and where his employer or supervisor regularly let him in at 6:30 every morning. It was approximately 6:20 when the incident complained of is alleged to have happened, which was about ten minutes before the appellant's employer would let him and the other employees in to go to work.

The prosecutrix was standing in one of the door entrances of Sears, Roebuck & Company's building, purportedly awaiting a ride. The street was lighted in that vicinity by a street light on each corner of 14th Street not far away from where she was standing. There were business houses in that vicinity that were open at that time; also a restaurant, the Royal Cafe, diagonally across the street was open.

The prosecutrix stated in her testimony that as the appellant got closer he grabbed at her with his right hand and that his hand lacked about ten inches reaching her body. That she made an outcry and Mr. Heard came running across the street and overtook the appellant and carried him back to the Royal Cafe where Heard told him to remain until the police came, which the appellant did without being restrained by anyone and without his making any effort whatever to leave the cafe. When Heard overtook the appellant he stated that the appellant stated that he had done nothing. The appellant stated that when Heard told him to stop that he told him that he did not have time to stop—that he had to go on down to the employees' entrance to go to work. It was practically without dispute that when the appellant left home, as he regularly did for work, that morning he had a suit of clothes on a coathanger hanging over his left shoulder, and held by his left hand and a heavy overcoat on his right arm and a lunch in his right hand. Mr. R. E. Dennis, who is the appellant's foreman at Sears, Roebuck & Company, was in the Royal Cafe when the appellant came to the cafe with Heard and the lady. He there attempted to explain to his boss that he did not even know why they had him there. Mr. Dennis testified on the trial that appellant had the suit of clothes over his left shoulder and an overcoat over his right arm and a lunch in his right hand, as did the appellant's father and mother. The suit of clothes and the overcoat were introduced in evidence in the case and appellant's father testified that he went to the City Jail and got the suit of clothes after he was arrested and went to the County Jail and got the overcoat.

The evidence disclosed that appellant has a peculiar looking face, and walks with an ambling walk, and when he walks, his body leans first to one side and then leans to the other.

It is undisputed from the testimony that this appellant at no time placed his hands upon the woman in question, that no part of his body ever came into contact with hers, that no words were spoken by her to him nor by him to her and that no threat was made by this appellant.

In line with the decisions of the Supreme Court, supra, we are of the opinion from the evidence adduced upon the trial of this case, that the State failed to meet the burden of proof necessary to a conviction and committed error to a reversal in failing and refusing to so hold.

The motion for new trial was based upon numerous separate and distinct grounds, several of which were well taken. Said motion should have been granted and error prevailed also in the action of the court in overruling and denying the motion.

Reversed and remanded.