186 So.2d 741

Johnny KELLY

v.

STATE.

4 Div. 559.

Court of Appeals of Alabama.

May 17, 1966.

E. C. Orme, Troy, for appellant.

Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was tried in the Circuit Court of Pike County, Alabama, for the offense of assault with the intent to murder Mrs. Frank Register. Appellant plead not guilty but was found guilty as charged by a jury and was subsequently sentenced to a term of three years in the State penitentiary as punishment. Appellant filed a motion for a new trial which was denied and from this denial, he takes this appeal.

The State agrees that appellant's statement of facts is substantially correct. The facts are in essence as follows:

On June 1, 1962, at about 6:00 P.M. appellant went to the Chuck Wagon restaurant where his divorced wife, Ellene Bass, and her mother, Mrs. Frank Register, were working. According to the testimony of Mrs. Register, appellant drove up in a cab, got out and went through the "gas station part of the building" with a pistol in his hand and then came through the store. Mrs. Register stated that she closed the door and told him not to come in, after which appellant shot through the door and hit her in the leg. The bullet did not enter the leg but made a wound which was "more or less a burn", and then went over behind her where it was later picked up off the floor.

Mrs. Ellene Bass testified that she and appellant had been divorced since 1954. She said that on the date in question appellant "came into the service station part of the truck stop" and pulled a "22 pistol out of his pocket, showing it around" and that she "just wheeled and ran out of the door and went around the building." She testified that her mother was going to hold the door to keep him out and that she did not see him when he shot through the door but she did hear the shot and that after the shot was fired he ran around behind her and shot at her twice, after which she ran behind the building and tried to use the telephone and that he jerked it off the wall.

Mrs. Bass stated that she and Johnny Kelly had two children, Brenda, sixteen years of age, and Karen, thirteen years of age, and that they had several "fusses" over their custody. She said that appellant had objected to their dancing at the station for the customers there but that they really did not dance for customers but just danced "when they had a notion".

Appellant testified that on the occasion in question he went to Mrs. Anderson of the Welfare Office to see what could be done about the children dancing at the truck stop. Mrs. Anderson told him that she would make a "routine check" and appellant testified that "routinely could have been six months or six years". At this point appellant was asked the following question and he replied as follows:

"Q. When did you decide that the Welfare Department wasn't going to operate fast enough, and that you would take it into your own hands?"

"A. Probably right then."

Appellant stated that he left the Welfare Office and went to the truck stop with the intention of "scaring them", and that he had no intention of shooting any of them and didn't shoot at anyone. He stated that he did not chase his ex-wife around the building or fire any bullets outside the truck stop but that he fired four bullets inside, two in the ceiling, one in the door, and one in the floor. Appellant further testified that while he was in the VA Hospital, his wife came and got the children and took them to the Chuck Wagon where "she was living with another man" and "had the kids in there doing the twist and all that."

Appellant contends that the facts and circumstances in this case would justify a conviction for assault and battery but would not sustain a conviction for the higher offense of assault with the intent to murder. As evidence that appellant did not intend to take the life of the assaulted person, counsel submits that the appellant stated that he went up to the place of the shooting with the intent to scare his wife and that had he intended to kill the assaulted party, he would have shot through the top of the door which was made of glass rather than through the bottom half which was made of wood, and that the pistol would have had to be pointed down for the bullet to pass below the knee of the party on the other side of the door.

We feel that if appellant did not intend to kill the woman, he would not have fired a deadly weapon in her direction, door or no door, when she was standing in full view. The door slowed the progress of the bullet meant for Mrs. Register as shown by the fact that it fell beside her on the floor. If the door in question could and did slow the progress or force of the bullet, it surely could have misdirected it and caused it to hit a vital spot in her body higher than her leg. In Pumphrey v. State, 156 Ala. 103, 47 So. 156, the Supreme Court of Alabama said:

"Intent, we know, being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence."

The decision of the trial court in refusing to grant a new trial on the ground of insufficiency of the evidence or that the verdict is contrary to the evidence was without error.

This cause is due to be and the same is hereby

Affirmed.

PRICE, P. J., and CATES, J., concur in result.