BOWEN W. SIMMONS, Retired Circuit Judge.
Following denial of his motion to be treated as a youthful offender and after a plea of not guilty to the indictment for assault with intent to ravish his victim, a female, appellant-defendant was tried and convicted of the alleged assault with intent to ravish and sentenced to twenty years imprisonment. He was an indigent when tried and remains so on this appeal. Appointed counsel represented him at nisi pri-us and continues to represent him on this appeal.
The alleged offense occurred in Tuscaloosa, Alabama during the late evening of March 24, 1976, on a street at the victim’s home. She and a male friend, John Vansla-vie about 10:00 P.M. decided to visit the Checkers Lounge. They stayed there about one and one-half hours, and left,, with a male friend of John’s to go to the latter’s apartment. The victim testified that the friend’s name was Don but she did not know his last name. John and Don rode in Don’s car, while she rode in her own car.
They did not take the same route altogether to the location of the apartment, but arrived near the same time. The victim arrived first in her car.
While enroute, the victim noticed that she was being followed by a black, in a large white automobile and as she approached the apartment the black driver pulled his car up parallel with hers; on the one-way street. He was sitting in the car saying something but she did- not understand what he was saying, and “I just shook my head.” Then he got out of his car after switching off the motor. He walked to the passenger side of her car. She further testified that she thought he was lost. She slowly rolled the window down. He stuck his arm in and “pulled on the lock of the door and was in my car before I knew what was happening . . . ” He said “I want you baby,” and, “as he jumped in my car, he lunged toward me and since I had my right arm on the backseat, as he lunged toward me, I grabbed him around the neck with my right arm as he grabbed me around the neck with his left arm.” He had a knife which cut the victim during the struggle. The struggle lasted about ten minutes.
*530 John and his friend arrived and her car lights were visible. The defendant jumped out on the passenger side of the car. No lights were on inside of the victim’s car, but she saw him. She was just a few inches from his face. The victim got out of her car on the driver’s side. She noted his license plate number. John went inside the apartment and wrote the tag number on an envelope which was turned over to the police at the police station, to which the victim and John went after the attack.
A description of the car, the attacker, and the license number were given to a dispatcher who broadcast it to the patrolling officers.
A few minutes after this episode, another episode of the same pattern occurred. This latter was admitted in evidence over defendant’s objections.
Between 12:00 and 12:05 o’clock of the same night as the episode, supra, a young married woman went off duty in the communication division of the Tuscaloosa Police Department and left alone in her automobile enroute to her residence where she and her husband resided. While enroute, she noticed that a large white automobile, driven by a black, was following closely behind her. She could not identify him. When she reached her home, she blew her car horn and her husband came out the door. The white car went a short distance and stopped. It was smoking. They telephoned the police. An officer was there in just a few minutes. He noted the license plate on the white car bore the same tag number as the white car that was the subject of the broadcast relative to the first episode, supra. It appears from the evidence that the license plate in question was registered in the name of another person and not in the name of the defendant.
Appellant-defendant was taken to the police station where the victim in the first episode positively identified him as the one who had assaulted her. She also identified him in court.
Defendant took the stand at his nisi prius trial and denied any involvement in the first episode. We will not undertake to set forth his conflicting testimony on the stand with statements allegedly made to an officer.
We have also omitted evidence involving many details that would unnecessarily burden this opinion. Suffice it is that we have stated sufficient evidence that shows the violent character of the assault and the circumstances relating thereto.
We hold that the character of the assault as related by the State’s evidence presented a jury question as to defendant’s intent at the time.
In Hogue v. State, 54 Ala.App. 682, 312 So.2d 86, this court observed:
“The intent to rape has also been described as a condition of mind coupled with an effort of force to carry out the desire over the physical resistance of the victim. The evidence must be sufficient to show that such acts of the defendant were of the nature that there will be no reasonable doubt of his intentions to gratify his lustful desires against the consent of the female and that the act would have been carried out but for the resistance of the female or some outside force which caused him to desist. Curry v. State, 23 Ala.App. 140, 122 So. 303; and Lewis v. State, 35 Ala. 380. To justify a conviction of assault, with the intent to ravish, the evidence must show that the acts and conduct of the defendant leave no reasonable doubt of his intention to gratify his lustful desires against the consent of the female notwithstanding resistance on her part. Gilbert v. State, 28 Ala.App. 206, 180 So. 306; and Wilson v. State, 22 Ala.App. 554, 117 So. 615. There is no requirement of physical abuse to the genital organs. Smith v. State, 256 Ala. 444, 55 So.2d 208.”
We hold the acts and conduct of appellant-defendant, the presence of a knife in his hand, and his comments present a jury question as to his intent at the time he began following the alleged victim after she left the lounge to go to her friend’s apartment; and also when he forcibly opened the door and got in the car with her. The *531 jury’s conviction supports an inference that they believed the victim’s evidence and not defendant.
Appellant’s utterance of the words, “I want you baby,” construed in the light of his physical attack, were words indicating a lustful desire.
Defendant’s motion, when the State rested, to exclude the evidence, was properly overruled.
Appellant’s next contention is that the court erred in admitting in evidence details of the second episode, supra and in overruling his objection thereto.
We are not informed by the record that defendant violated any law in following the second female to her home, sans, any approach or physical attack. Defendant’s conduct was sufficient to arouse the suspicion of the police department’s employee and justified her or her husband in notifying the police, thus inviting the arrival of a police officer.
The investigation incidentally led to apprehension of defendant as the person wanted in the first episode. Without this investigation, the police might have had some difficulty in locating the driver of the large white car in view of the fact that the license plate was not registered in defendant’s name. The circumstances of the identification at the scene of the second episode were admissible in evidence to establish defendant’s possession of the automobile bearing the tag number taken down by the assaulted victim in the first episode. The second episode was closely related to the first episode in a manner that led to defendant’s apprehension and identification.
We hold that this evidence shed light on the first and led to identification. The license plate number was a connecting link that helped to establish the identification.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.