Because I would affirm the trial court's judgment on all points, I must respectfully dissent.
The threshold question in this case is whether the State presented sufficient evidence to establish that James Derrell Hobbs used the vehicle, or intended to use it, to facilitate the commission of a drug offense. The trial court found that it did, and that finding is clearly and amply supported by the evidence.
Hobbs was arrested at a pool hall; he had in his pocket 37 rocks of crack cocaine and $479. He admitted that he was planning to drive the car home from the pool hall. He claimed, however, that he intended to return the cocaine to some third party before he left the pool hall for home. In light of the facts that Hobbs had been seen driving the car on numerous occasions, that he had a prior arrest for possession of drugs and that at the time of that arrest, drugs were found in the car, and that he had a reputation in the community as a drug dealer, the trial court was authorized to disbelieve Hobbs's testimony that he was going to dispose of the cocaine before he set foot in the car.
To conclude, as the majority does, 674 So.2d at 1303, that "[t]he State failed to present any evidence that on February 18, 1994, the Toyota was used, or was intended to be used, in violation of the Controlled Substances Act," is to disregard the following well-established principles:
 "Intent, being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence."
Pumphrey v. State, 156 Ala. 103, 47 So. 156 (1908); Hamilton v.State, 283 Ala. 540, 219 So.2d 369, cert. denied, 396 U.S. 868,90 S.Ct. 134, 24 L.Ed.2d 121 (1969). Furthermore, circumstantial evidence may be sufficient, in conjunction with other facts and circumstances which tend to connect the accused with the commission of the crime, to establish an offense.Carroll v. State, 627 So.2d 874 (Ala. 1993); Dolvin v. State,391 So.2d 133 (Ala. 1980).
The second question is whether Kimberly Robbs was the owner of the vehicle. The trial court found that she was, and that finding, as Judge Thigpen notes, is also supported by one — if not the only — reasonable view of the evidence.
The third question, which neither the majority nor Judge Thigpen finds it necessary to reach, is whether the State proved, prima facie, that the drug offense was "committed . . . with the knowledge or consent of [Kimberly Robbs]." See Ala. Code 1975, § 20-2-93(h). The trial court found that it did, and that finding, like the previous two, is also supported by the evidence. Ms. Robbs conceded that she knew of her brother's earlier arrest and conviction for possession of drugs that had been found in the Toyota, yet she continued to let him use the Toyota when he needed it. Although she was pregnant, she walked
home from the pool hall on the night in question so that her brother would have the car available when he was ready to leave the pool hall.
All of the trial court's findings are supported by competent evidence and are due to be upheld.
MONROE, J., concurs.