The appellant, Larry French, was convicted of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975, and of possession of burglar's tools, a violation of § 13A-7-8. He was sentenced as a habitual offender to 15 years in the penitentiary for the conviction for theft and to 10 years for the conviction for possession of burglar's tools. Pursuant to the Split Sentence Act, § 15-18-8, the trial court ordered him to serve two years on each conviction and suspended the remainder of the appellant's sentences.
 I
The appellant contends that the state did not present a prima facie case of first degree theft or of possession of burglar's tools. Specifically, he contends that there was no evidence of felonious intent to commit a theft of property.
It was undisputed that on April 1, 1994, the appellant used a bolt cutter to unchain ladders at a residential construction site in Montgomery, Alabama. He then removed the ladders from the site. The issue at trial was whether he intended to steal the ladders. The appellant claimed that he thought the ladders belonged to his brother because, he said, his brother did the "flashing" work on the building's roof earlier during the week that he took the ladders. The main elements of the state's case were established by the testimony of Dr. Robert Speight, the owner of the residence being constructed on the site, who arrived at the scene while the appellant was driving away.
Speight testified that he drove to the construction site on Friday evening, around 7:00 p.m., to meet the subcontractor who was responsible for the wallpaper. As he turned into his driveway, Speight noticed a white flatbed truck about to leave. Speight testified that he thought it was odd that someone would be there since it was getting dark and the workers had left earlier in the day. Speight did not recognize the truck so he blocked the truck's path with his own vehicle. The appellant exited the truck and told Speight that he was checking on some roofing work. Speight was suspicious because he knew no roofing work had been done that day. He saw that several ladders that had been at the site had been loaded onto the truck. Each ladder was clearly labeled with the name of the painting company working at the site. The appellant told Dr. Speight that *Page 204 
the ladders were his. When Speight confronted the appellant, the appellant raised his arms and said, "You got me. I don't know why I did it." Speight told the appellant to unload the ladders, and then he called the police on his cellular phone.
Barry Smith testified that his painting company owned the ladders, that they were worth approximately $1,500.00, and that he had secured them at the construction site that day with a chain. The chain had been cut and a pair of bolt cutters was found in the mud next to the appellant's truck.
"In a theft trial, intent is a question for the jury."Seaton v. State, 645 So.2d 341, 343 (Ala.Cr.App. 1994). "Intent, . . . being a state or condition of the mind, is rarely, if ever, susceptible of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence."McCord v. State, 501 So.2d 520, 528-529 (Ala.Cr.App. 1986), quoting Pumphrey v. State, 156 Ala. 103, 47 So. 156 (1908). A jury could reasonably infer from the above evidence that the appellant had a felonious intent when he used the bolt cutter to cut the chain and when he took the ladders.
 II
The appellant next contends that the Double Jeopardy Clause of the Fifth Amendment bars convictions for both possession of burglar's tools and theft when the offenses arose from the same conduct. The Fifth Amendment to the United States Constitution states:
 "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."
(Emphasis added.)
This is an issue of first impression in Alabama. However, this argument has been rejected by other jurisdictions.
 "A question which has occasionally been raised in connection with a prosecution under a statute relating to burglars' tools is whether or not a conviction for burglary or attempted burglary constitutes a bar to a prosecution for possession of burglars' tools arising out of the same transaction. The answer in all instances was in the negative and it has been held that since the offense of possessing burglars' tools was not an essential element in, and did not constitute an essential part of, the offense of burglary, and since the two offenses were separate and distinct and a person being prosecuted for either was in no jeopardy of being convicted of the other, or of being convicted of an offense which was an essential part of the other, the conviction of the accused upon the indictment for burglary could not support a plea of autrefois convict to the indictment for possessing burglary tools."
Annot., Validity, Construction, and Application of StatutesRelating to Burglars' Tools, 33 A.L.R.3d 798, 807 (1970).
The possession of burglar's tools is not a necessary element of theft, and possession of burglar's tools does not constitute the same offense as theft under Blockburger v. United States,284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Section13A-7-8 states that a person commits the crime of possession of burglar's tools if he "possesses any explosive, tool, instrument or other article adapted, designed or commonly used for committing or facilitating the commission of an offense involving forcible entry into premises or theft by a physical taking." Theft requires the exertion of "unauthorized control over the property of another." § 13A-8-2. The statute defining each crime requires proof of an element that the statutes defining the other crimes do not require. Hence, simultaneous convictions for possession of burglar's tools and for theft are not barred by the principles of double jeopardy *Page 205 
even when the offenses arise out of the same transaction.
The theft was complete when the appellant unlawfully took the ladders from the construction site. The Double Jeopardy Clause was not violated just because the appellant used a burglar's tool to commit the theft and was also charged with possession of burglar's tools.
 III
The appellant last contends that his sentences were unlawfully enhanced under the Habitual Felony Offender Act.
First, the appellant asserts that he was not given adequate notice of which prior convictions the state intended to use to enhance his sentence. The appellant did not make this objection at the sentence hearing, and thus, this issue was not preserved for review. Nichols v. State, 629 So.2d 51 (Ala.Cr.App. 1993).
Second, the appellant asserts that the state proved only one of the prior convictions it introduced at the sentence hearing. However, the record contains a certified copy of each conviction. There was no error here.
For the foregoing reasons, the judgment of the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.