We granted certiorari review in order to consider whether the trial court erred in *Page 206 
enhancing Larry French's sentence under the Habitual Felony Offender Act, Ala. Code 1975, § 13A-5-9(b)(1) and (2). SeeFrench v. State, 687 So.2d 202 (Ala.Crim.App. 1995). We conclude that it did.
The record shows that the trial court used the following prior felony convictions to enhance the defendant's sentence: a 1994 Georgia conviction for violating the Georgia Controlled Substances Act and a 1994 Georgia conviction for possession of a firearm during the commission of that first felony. The Court of Criminal Appeals held that there was no error in using either conviction for enhancement purposes, because, it said, "the record contains a certified copy of each conviction." 687 So.2d at 205.
It appears that French's second Georgia felony conviction was pursuant to Ga. Code Ann. § 16-11-106. That statute requires a five-year minimum mandatory sentence for persons convicted of unlawful distribution of a controlled substance while armed with a firearm. That statute reads as follows:
 "§ 16-11-106. Possession of firearm or knife during commission of or attempt to commit certain crimes.
". . . .
 "(b) Any person who shall have on or within arm's reach of his person a firearm . . . during the commission of, or the attempt to commit:
". . . .
 "(4) Any crime involving the possession, manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute any controlled substance as provided in Code Section 16-13-30; or
 "(5) Any crime involving the trafficking of cocaine, marijuana, or illegal drugs as provided in Code Section 16-13-31,
 "and which crime is a felony, commits a felony and, upon conviction thereof, shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received."
Alabama law has no similar provision. Under Alabama law, a conviction in any other jurisdiction, at any time, for a criminal act punishable in the other jurisdiction by a sentence exceeding one year is not a felony conviction for purposes of § 13A-5-9 unless the act would have been punishable under Alabama's criminal laws on or after January 1, 1980, by a sentence exceeding one year. See Ala.R.Crim.P. 26.6(b)(3)(iv); and Gwynne v. State, 499 So.2d 802, 809-10 (Ala.Crim.App. 1986).
The Georgia conviction based on possession of a firearm should not have been used to enhance this defendant's sentence, because the conduct on which that conviction was based would not have constituted a felony in Alabama. Accordingly, we affirm the judgment of the Court of Criminal Appeals insofar as it affirmed the conviction, but we reverse insofar as it affirmed the sentence. We remand the case for the Court of Criminal Appeals to direct that the defendant be resentenced without consideration of the second Georgia conviction.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, and COOK, JJ., concur.