JOINER, Judge,
dissenting.
Darius Delanduss Mines appealed his conviction for first-degree murder and his resulting sentence of life in prison. On December 4, 2013, this Court, by order, remanded the case for the trial court to hold a jury trial on the issue whether the prosecutor during Mines’s first trial, which had ended in a mistrial, had intentionally caused the mistrial. Specifically, Mines had argued that “the trial court erred in failing to grant Mines a jury trial on .,. whether the actions of the prosecutor during his first trial were done intentionally for the purpose of goading Mines into moving for a mistrial and thereby placing him in double jeopardy during the second trial.”
On remand, the trial court granted a “directed verdict” in favor of the State, holding that, as a matter of law, the prosecutor’s intent was not controverted and that “[s]pecifically, there is no evidence to support a claim by [Mines] that the prosecutor’s conduct during this criminal trial was intentionally designed to provoke a mistrial.” The Court, on appeal, affirms the judgment entered on the “directed verdict,” concluding that “Mines did not present any evidence that would have.allowed the jury to find that [the prosecutor’s] single reference to‘jail’ was an intentional design to. cause a mistrial.” In my opinion, however, Mines presented enough circumstantial evidence .of intent,to- submit the question to a jury; therefore, I respectfully dissent.
The record indicates that Mines presented evidence at the hearing o'n remand that the prosecutor was "‘‘upset” with certain" evidentiary rulings by the trial court during Mines’s first trial. The Court holds that this evidence was “completely unrelated” to the grant of the mistrial. “[I]ntent is a question for'the jury_"‘Intent, ... being a state or condition of the mind, is rarely, if ever, susceptible Of direct or positive proof, and must usually be inferred from the facts testified to by witnesses and the circumstances as developed by the evidence.’ ” McCord v. State, 501 So.2d 520, 528-29 (Ala.Crim.App.1986) (quoting Pumphrey v. State, 156 Ala. 103, 47 So. 156,157 (1908)). “The question of intent is hardly ever capable of direct proof. Such questions are normally questions for the jury. McMurphy v. State, 455 So.2d 924 (Ala. Crim.App.1984).” Oryang v. State, 642 So.2d 989, 994 (Ala.Crim.App.1994). Accordingly, I would reverse the trial court’s judgment entered on the “directed verdict” in favor of the State and remand this cause for additional proceedings.