# Brown *v.* The State.

*Assault with Intent to Rape:*

121    9
121  124

121    9
129   30
129   92

121    9
136   30

121    9
144  135

1. *Intent when question for the jury.*—The intent with which an assault is made where such intent rests in inference to be deduced from the facts proven, is a question for the jury; hence where the evidence shows an assault on a female under circumstances from which an intent to rape might be drawn, a motion to exclude the evidence as far as it applies to the intent and affirmative charge on the intent asked by the defendant, are properly refused.

2. *Counsel; when language of used in argument, not controlled by the Court.*—So long as counsel confine themselves to the evidence in the case, and reasonable inferences deducible therefrom, they cannot and should not be controlled by the court as to the language employed by them if decorous and not offensive to the court trying the cause.

3. *Charge asked by the defendant; when properly refused.*—A charge asked by the defendant is properly refused, which demands an acquittal if the evidence raises a doubt of the identity of the defendant. It is a reasonable doubt which entitles a defendant in a criminal case to an acquittal.

4. *Same.*—A charge that if the evidence is susceptible of the interpretation that another than the defendant committed the assault mentioned, they must acquit the defendant, is bad as invading the province of the jury. Such interpretation may not be of such probative force as to raise a reasonable doubt of the guilt of the defendant.

[Brown v. The State ];

5. *Same.*—A charge asked by the defendant which is an attempt to answer the argument of the solicitor is properly refused.

APPEAL from City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

Genie Brown was convicted of asault with intent to ravish. Ora Savelle, the female on whom the assault was alleged to have been committed, was the only witness who testified to the facts. She swore that on the occasion named she was coming from the spring, and at a place where the house was hidden by some bushes the defendant caught her and threw her down and told her that she would never get home alive and that he was going to cut her throat, and that he dragged her some forty-five feet and threw her into a gully; that some dogs that were with her were running about in the bushes and the defendant ran away; that she was ten years old. There were a few circumstances proven which need not be set out. The defendant moved to rule out all the evidence in so far as it applied to the charge of assault with intent to rape. The witness further testified that another man was brought before her for identification and she said that he looked like the man to her, but that the defendant was the one. There was evidence that this other man was Primus Hunter and that he was very much like the defendant. The solicitor in his argument to the jury alluded to the defendant as a "fiend" and "demon" and urged the jury to convict the defendant in order to protect innocent little white girls from such black fiends. The defendant excepted to the use of this language. The defendant requested in writing five special charges. 1. The affirmative charge on the whole evidence. 2. The affirmative charge on the intent to rape. 3. "That if the evidence is susceptible of the interpretation that Primus Hunter and not the defendant assaulted Ora Savelle they must acquit the defendant." 4. "That if the evidence raises a doubt as to the identity of the defendant being the man who assaulted Ora Savelle then they must acquit the defendant." 5. "That no matter how much the solicitor may appeal to you, you must not be actuated by your passions and prejudices in making up your verdict."

[Brown v. The State.]

SAMUEL B. BROWNE and L. H. & E. W. FAITH, for appellant.—The charge on intent asked by the defendant should have been given as the intent charged did not appear in the evidence.—*Jones' Case,* 90 Ala. 639; *Lewis' Case,* 35 Ala. 380; *Ogletree v. State,* 28 Ala. 701; *Simpson v. State,* 59 Ala. 2; *Moore v. State,* 18 Ala. 532; *Toulet's Case,* 100 Ala. 77. (2). The argument of the solicitor was improper, and calculated to prejudice the jury against defendant.—*Scott v. State,* 110 Ala. 53; *Cross v. State,* 68 Ala. 476; *Nat. Bank v. Bradley,* 108 Ala. 203; *Florence Co. v. Field,* 104 Ala. 480.

CHAS. G. BROWN, Attorney General, for the State, cited *Johnston v. State,* 73 Ala. 523; *Pelham v. State,* 89 Ala. 28; *Coker v. State,* 91 Ala. 92; *Lucas v. State,* 96 Ala. 51; *Sims v. State,* 99 Ala. 161.

TYSON, J.—It cannot be seriously controverted that the evidence to sustain a conviction for an assault upon a girl with an intent forcibly to ravish her, must establish the intent of the defendant to ravish beyond a reasonable doubt. That such an intent existed in the mind of the defendant at the time of an assault with force, must, oftentimes, be gathered solely from his conduct, acts of violence perpetrated upon the female, the age of the female, previous relations existing between them if any existed, time and place of the assault and other circumstances attendant upon the occurrence. It is seldom that a case can be found where the court can, as a matter of law, determine from the evidence, that the intent to ravish did or did not exist. Where the intent rests in inference to be deduced from the facts proven, its existence or non-existence must be submitted to the jury for their determination.

The case of *Dudley v. The State, ante,* p. 4, is conclusive of the refusal to grant defendant's motion to exclude the testimony introduced by the State and to give charges 1 and 2 requested by the defendant.

In his closing argument to the jury the solicitor characterized the defendant as a "fiend and a demon having a foul heart" and appealed to the jury to convict the defendant "in order to protect innocent little girls from such black fiends and demons as the defendant." The

clauses in quotations were objected to by defendant's counsel and the court was requested to exclude them from the jury. Pretermitting all inquiry into the sufficiency of the attempt of the trial judge to exclude the remarks of the solicitor from the jury, we are of the opinion that the remarks were not unwarranted by the evidence in the case. The evidence disclosed acts of brutality indicative of a depravity attributable only to human beings of a fiendish nature or demoniacal disposition. So long as counsel confine themselves to the evidence in the case and reasonable inferences deducible therefrom, they cannot and should not be controlled by the court as to the language employed by them, if decorous or not offensive to the court trying the cause. As said by Justice Stone in *Cross v. The State,* 68 Ala. 483, "'While the presiding judge should not permit wanton abuse of adversary or witness, he would occupy questionable ground, if he arrested counsel in his attempt to educe inferential facts or intents from testimony in proof. Argument is but an aid to the jury, to enable that body to arrive at correct conclusions; and it would be dangerous to accord to him the right and power to intervene and declare authoritatively when an inference of counsel is or is not legitimately drawn. This is for the jury to determine, if there be any testimony on which to base it."

Charge No. 3 requested by the defendant clearly invaded the province of the jury and required the jury to acquit, notwithstanding the evidence convinced them of his guilt beyond a reasonable doubt. The jury may have thought the evidence susceptible of the interpretation that Hunter and not the defendant assaulted the girl, and yet thought such interpretation was not of such probative force as to raise a reasonable doubt of the guilt of the defendant.

Charge 4 required the jury to acquit the defendant upon a doubt of his identity and was bad. It is a reasonable doubt which entitles a defendant in a criminal case to an acquittal.

Charge 5 was an argument evidently in answer to the closing remarks of the solicitor.

We find no error in the record and the judgment must be affirmed.