(123 So. 283)

**RICHARDSON v. STATE.** (8 Div. 825.)

Court of Appeals of Alabama. June 29, 1929.

Fred Wall, of Athens, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The record in this case presents but two major questions: (1) Do the facts as detailed by the woman alleged to have been assaulted constitute the crime of assault to rape? (2) Did the act complained of take place in the state of Alabama?

There are some minor questions raised by objections and exceptions to evidence and to the court's refusal to give certain written charges defining the crime and as to what constitutes reasonable doubt. As to these questions, we simply say there is no such error in any of these rulings as would author-

ize a reversal of this case. The evidence admitted related to the issues involved, and the written charges stating correct propositions of law were amply covered by the court in his oral charge.

As to the first question: The prosecutrix, Bertha Martin, was a young white woman, a passenger on a Pullman sleeping car, in Louisville & Nashville train No. 1 coming south from Louisville. The defendant was a negro porter on the car in which prosecutrix was a passenger. The statement of prosecutrix was to the effect that she boarded the train at Louisville, Ky., with a ticket and Pullman reservation for Gulf Port, Miss.; that she was riding in an upper berth; that on the morning of the alleged crime, at about 1 o'clock, she rang for the porter that she might descend and go to the dressing room; that the porter came and brought the ladder used in such cases; she then returned to the berth; about 5 o'clock she rang again; that the porter came again, but had no ladder with him, instead he "lifted me out of the berth;" she went to the dressing room; the defendant took her traveling bag out of her hand and walked on ahead to the dressing room; when she got to the dressing room defendant caught her by the hand, pulled her into the dressing room; she broke away from him and jumped behind some chairs; defendant "grabbed" her around the waist and kissed her; during this time he said nothing; when defendant grabbed and kissed her she screamed and he ran out of the dressing room and she ran in the ladies' toilet. After prosecutrix got dressed, she went into another car, sat down by a man and told him what had happened and afterwards told the conductor. Shortly after this, the train stopped in Athens, Ala. The prosecutrix further testified that between 1 o'clock and the time she got up the porter came to her berth, took her by the arm, and, when she opened the curtains asked, if she called. She replied that she had not. He tried then to engage her in conversation, and she drew the curtains in his face. There were only two or three passengers on this car. As to the second question: The witness testified that in 10 or 12 minutes from the time of the assault the train stopped at Athens. The speed of the train, the schedule, the distance of Athens from the state line, were all proven, and tended to prove the venue in Alabama.

The facts in this case, if believed beyond a reasonable doubt, are very closely allied to those in the case of Pumphrey v. State, 156 Ala. 103, 47 So. 156. Defendant was a negro man and the prosecutrix was a white woman traveling alone on a Pullman car of which defendant was porter. The rule governing in such cases as the one at bar is, to be sufficient to justify the conviction, the evidence should show such acts and conduct on the part of the accused as to leave no reasonable doubt of the intention to gratify his lustful desires against the consent of the female and notwithstanding resistance on her part. This rule is recognized by all of our decisions. Jones v. State, 90 Ala. 628, 8 So. 383, 24 Am. St. Rep. 850; Toulet v. State, 100 Ala. 72, 14 So. 403. As was aptly said in the Pumphrey Case, supra: "As to this offense the law looks beyond the act done and embraces the accompanying intent." And as in all cases where the intent raises the act to the gravity of a felony, such intent, being a state of mind and not susceptible of direct proof, must of necessity be the result of inferences to be drawn from all the facts and circumstances in the immediate case then being tried. What would be a caress or a mere assault as between persons of the same or similar social standing would become of much graver moment as between persons of a different social status and of different races. In the Pumphrey Case, supra, extracts are quoted and facts given indicating the judicial mind on this question. We are clear to the conclusion that, believing the testimony of the prosecuting witness beyond a reasonable doubt, the jury were warranted in drawing the inferences necessary to a conviction, and that the proximity of other passengers in the car and the consequent hazard of discovery had more to do with the discontinuance of his efforts than the fact that he desisted because of his inability to secure the girl's consent. Clark v. State, 20 Ala. App. 92, 101 So. 63.

As to both of the major questions presented, the court committed no error in submitting them to the jury.

We find no error in the record, and the judgment is affirmed.

Affirmed.