186 So. 582

### EDWARDS v. STATE.

#### 4 Div. 419.

Court of Appeals of Alabama.

Dec. 20, 1938.

Rehearing Denied Jan. 10, 1939.

W. L. Lee and Alto V. Lee, III., both of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for the State.

410

RICE, Judge.

Appellant was charged, tried, and convicted, with, for, and of the offense of assault and battery. Code 1923, Sec. 3299.

The party assaulted was one C. E. Jeffcoat. And it is conceded that one of the jurors trying the case was related to said Jeffcoat within the degree prescribed by Code 1923, Sec. 8610 (Subdivision 4), as being good ground for challenge for cause by appellant. But that neither appellant nor his counsel knew of the relation of said juror to said Jeffcoat until after the trial and verdict.

The only serious question presented by this appeal is that as to whether or not the trial court erred in overruling appellant's motion to set aside the verdict of the jury (and the judgment entered thereon) on the ground of the relationship of the above juror to the "person alleged to be (and shown to be) injured"—viz., Jeffcoat.

■ But we think the question is answered adversely to appellant's hope of a reversal of his judgment of conviction by the reasoning and opinion (and decision) of this court in the case of Carson v. Pointer, 11 Ala.App. 462, 66 So. 910.

What was said in the case cited seems to have had the approval of our Supreme Court (Batson v. State ex rel. Davis, 216 Ala. 275, 113 So. 300) ; and, so far as we can ascertain, still speaks the law of this State in such matters. There appears no need that we repeat it.

■ True, if the trial court did, indeed, ask the said juror on his voir dire whether or not he was related to the injured party within the mentioned degree, and said juror answered in the negative, it would seem futile to require appellant to repeat the question to the juror, under the provisions of Code, Sec. 8662, before appellant could be acquitted of a lack of diligence.

But we do not understand the agreement contained in the bill of exceptions sent up here, to-wit: "that the court purged the jury before entering the trial of this case,

and at the time the jury was so purged, the relationship between Joe Summerford, the juror, and Clio Jeffcoat, the prosecuting witness, was not disclosed," as indicating, necessarily, that juror Summerford was asked as to his relationship to the injured party. Code Sec. 8659.

However that may be, we are of the opinion, and hold, that under the authority of the decision in the Carson v. Pointer Case, supra, the motion for a new trial, on the stated ground, was properly overruled.

The rulings underlying the other exceptions apparent were, in each instance, if not correct, innocuous.

The judgment is affirmed.

Affirmed.