33 So.2d 484
### McKENZIE v. STATE.
6 Div. 272.
Court of Appeals of Alabama.
June 25, 1946.

Rehearing Denied Aug. 1, 1946.

Geo. Rogers, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

the city. The time of this occurrence was June 13th. The defendant was not promptly apprehended.

The evidence for the State discloses that on August 4th following the defendant was driving a car along the streets of Birmingham and observed a Mrs. Outlaw standing on a street corner. The latter accepted the former's promise to carry her to Ensley in his car. When it became apparent that the route was not being followed toward Ensley, Mrs. Outlaw began to make inquiry and appellant told her that he had lost a bracelet at a place some distance out and wanted to go in search of it. It appears that the automobile was stopped at the same place at which appellant had carried Miss Eddins, as indicated above. According to the testimony of Mrs. Outlaw the appellant made improper approaches to her and also threatened to do her bodily harm if she did not desist from screaming. At one time, she said, the defendant forcibly brought her back to the car when she was in the act of running away. She further testified that the avowed wishes of the appellant were abandoned when she showed him an operation scar evidencing the sincerity of her claim that she was not physically able to engage in the act of sexual intercourse. She also gave him her rings and telephone number as tokens indicating her willingness to see him at a later time. The lady claimed in her evidence that these methods were used only for a design to divert the defendant from his persistent purpose to have sexual intercourse with her.

The appellant was apprehended on August 9th, five days later. While he was in custody, Miss Eddins identified him as being the same person who allegedly assaulted her.

At this time the officers secured two voluntary statements from the accused, one relating to each occurrence outlined above. In each of these statements the appellant admitted practically all of the details of the two incidents as they were narrated by the two ladies during the trials. He did, however, deny the more serious accusations tending to show that he entertained an intent to forcibly ravish the ladies.

CARR, Judge.

Appellant was tried and convicted on an indictment which charged assault with intent to ravish. The alleged assaulted person is Lois Eddins, who at the time was about fifteen years of age.

The prosecutrix testified that the defendant approached her on the streets of Birmingham and invited her to go with him for an automobile ride. She reluctantly accepted, but did get in his car. Finally the appellant stopped the car on a by-road several miles out. There the defendant told her that he had previously lost a bracelet. After some casual search for the article which he claimed he lost, the accused began to make improper advances to her, accompanied with threats to do her bodily harm unless she acceded to his demands to have sexual intercourse. After much dissuasion on her part, the defendant abandoned his asserted aim and carried her back to

When the State had introduced the testimony of Miss Eddins, a physician, the officers, and the statement made to the latter by the defendant relating to the first occurrence, it was made known to the court that the facts in reference to the Mrs. Outlaw incident would be tendered as a part of the evidence in chief. The trial judge inquired whether or not there was any dispute as to the identity of the person charged. Appellant's attorney gave assurance to the judge that the identity of the accused was admitted.

The lower court evidenced his intention to admit the evidence, but before admitting it made the following statement to the jury:

"Ordinarily, gentlemen, when a person is charged with one crime you cannot prove that he committed some other crime because you could not argue from the fact that he had committed some other crime that that is evidence that he committed this crime, but if there is any evidence in the case that would throw light on the issue in the case it is admissible in the case whether it discloses another crime or not. In this case, the state contends that the defendant made an assault with intent to ravish Lois Eddins, that is the case he is being tried on. Of course, there are a number of issues involved. First of all, did he commit an assault and battery or an assault, and if he did what was his intent? Did he intend to ravish her? I am letting this testimony go to you on the question of his intent. As I understand it, the state is going to offer evidence of this young lady to the effect in the following August, after this Eddins case is supposed to have been committed in June, the defendant carried this young lady out to the same place and attacked her with intent to ravish her. That is what the state contends. I am not intimating what the evidence will show, or any opinion on my part, but I am merely stating the contention of the state; and the state is offering evidence as to the alleged assault to ravish this young lady in this case for the purpose of throwing light on the intent of the defendant at the time the state contends he assaulted Miss Eddins. Now, I am letting it in solely on the question of intent, and you are not to consider it for any other purpose in this case. Before you could give it any consideration at all you would have to first find beyond a reasonable doubt and to a moral certainty that he did try to make an assault, or assault and battery on Miss Eddins. If you reach that point in your deliberations then you could go further and consider this evidence on the question of his intent, whether he intended to ravish her at the time he made the assault and battery on her, or assault on her, if you find he did make one on her."

Appellant's counsel interposed timely objections to the introduction of this testimony and had an agreement with the court that he could have the same objections to each question relating to the subsequent matter and an exception to the ruling of the court in each instance.

While testifying, Mrs. Outlaw gave in detail all facts bearing on her association with the defendant on August 4th. We observe, however, that all questions to which she made answer were material to the inquiry of the intent vel non of the defendant to forcibly ravish her.

Over timely objections and exceptions to the ruling of the court, the statement made by the appellant relating to the Mrs. Outlaw occurrence was permitted in evidence. As indicated above, this statement was in the main corroborative of the testimony of the defendant when he gave evidence in his own behalf.

We have given considerable space in this opinion to the matters above set out. We are keenly conscious of the importance of this decision, and we have no desire to prevent a full review of our conclusions.

In the introduction of facts in prior and subsequent occurrences, the dangers lie: in the almost inevitable result of diverting the minds of the triers of fact from the main issues; the undue multiplication of issues; enlarged prejudices against the accused emanating from the incidents of the other transactions; and a deprivation of the security and rights guaranteed to all under Sections 6 and 9 of our Constitutions.

The early and much cited case of Gassenheimer et al. v. State, 52 Ala. 313, gives an authoritative base for an intelligent approach to the instant inquiry. We quote at length from the body of this able opinion:

"In criminal prosecutions, it is an elementary principle that evidence of a distinct, substantive offence is not to be received in support of another offence; nor, in the application of the rule, is it material that the offences are similar in character. The justness and reason of the rule is apparent, and a strict adherence to it is necessary to prevent criminal prosecutions from becoming instruments of oppression and injustice. No man shall be twice put in jeopardy for the same offence, and of the nature and cause of the accusation made against him, he shall be fully informed before he is called to trial, is the paramount law of the land. Than that accusation, he cannot be supposed to stand prepared to answer. This rule has, however, its exceptions; and while evidence of any other offence than that specially charged is prima facie inadmissible, such evidence will be received, when necessary to prove the scienter or guilty knowledge, which is an element of the offence charged. We must not be understood as asserting this is the only exception to the rule, but that it is the only exception this case involves. There are other exceptions, which, if necessary to classify, would be found perhaps to range themselves under these heads: when the offence charged and the offence proposed to be proved are so connected that they form part of one transaction; *when it is material to show the intent with which the particular act charged as criminal was done, evidence of another similar act, though it was in itself a criminal offence, may be given;* when it is necessary to prove a motive for the criminal act imputed, and there is an apparent relation or connection between that act and other criminal acts committed by the accused; when it is necessary to prove the identity of the offender, or of an instrument used in committing the offence. There are also cases in which the accusation itself involves a series of acts which must be proved to make out the offence; and cases in which the several offences are all parts of the res gestae." (Emphasis ours.)

See also, Wharton's Criminal Evidence, 10th Ed. Vol. I, § 31; 20 Am.Jur., §§ 309 and 310; 22 R.C.L., § 39, p. 1204; Underhill's Criminal Evidence, 4th Ed., §§ 181 and 182, pp. 310 and 318; 22 C.J.S., Criminal Law, §§ 683–691, inc.

The exceptions to the general rule are narrowed in the instant case to the question of intent, and with this inquiry only we are here concerned.

To hold that the evidence is not admissible because it relates only to a subsequent act would be basing a deduction on an illogical and unreasonable premise. The Alabama appellate courts have not adopted such a rule. Johnson v. State, 242 Ala. 278, 5 So.2d 632.

Whether or not the subsequent offense is too far remote in point of time to have any probative value is ordinarily a question for the jury. In the case at bar we hold that the jury was not deprived of this prerogative. Brasher v. State, post, p. 13, 30 So.2d 26.

The details of the subsequent or prior offenses are not admissible unless such evidence is conducive to the proof of the pertinent inquiry.

As Justice Bouldin wrote in Jackson v. State, 229 Ala. 48, 155 So. 581, 582: "Evidence of other and distinct criminal offenses, at other times and places, is admitted in evidence only in exceptional cases and for limited purposes. Among these are cases where such evidence may throw light on the motive, intent, scienter, or identity, and so tend to establish the guilt of the party of the offense for which he is being tried. *The details of such other crimes are not admissible, except in so far as essential to disclose the motive or other matter for which it is admitted.*" (Emphasis ours.) See also, Brasher v. State, supra.

As indicated herein the testimony of Mrs. Outlaw was all material to the inquiry of intent to ravish her. We are unable to draw a line of demarcation and select any part of her statement and conclude that it

is not pertinent to the issue of intent. In this respect the instant case is to be distinguished from the Brasher case, supra.

■ If it was error to introduce in evidence appellant's statement with reference to the Mrs. Outlaw transaction, we cannot see how any harm to the appellant could have resulted. The statement made evidence against him no stronger than his own testimony. By the introduction of the statement he was put in a favorable light before the jury so far as intent was concerned.

We find ourselves faced with the task of determining whether or not the evidence of this subsequent offense was admissible so that we may not depart from the rule which is recognized by many authorities and has been followed by our courts through the years of judicial history.

In treating the instant inquiry Wigmore on Evidence, 2nd Ed., Sec. 357, p. 664, has this to say: "The *Intent* principle (ante, Section 302) clearly applies where the act is assumed as otherwise proved and the intent is in issue; i. e. in such cases, former acts of the kind are relevant to negative the intent as being of any other kind than to commit rape. (a) Where the charge is of *assault with intent,* the propriety of such evidence cannot be doubted. There should be some limitation of time, but merely to avoid the objection of unfair surprise (ante, Section 194). There need be no limitation as to the person assaulted, because the only purpose is to negative any other than the rape-intent, and a previous rape-assault on another woman has equal probative value for that purpose, for it is the general desire to satisfy lust that is involved in this crime, and no particular woman is essential for this. Accordingly, where the charge is assault with intent, former acts of the sort should be received without any limitation except as to time." The above quotation finds approval and is included as a part of the opinion in Wilkins v. State, 29 Ala.App. 349, 197 So. 75.

■ We are unable to differentiate the case at bar from the reasoning, deduction, and conclusion found in the able opinion in the Wilkins case. Such an attempt would appear to us to be illogical. We are, therefore, forced to the considered conclusion that the court below was not in error in allowing this evidence. Lee **v.** State, 31 Ala.App. 91, 13 So.2d 583, certiorari denied 244 Ala. 401, 13 So.2d 590; Brown v. State, Ala.App., 22 So.2d 445; Lee v. State, 246 Ala. 69, 18 So.2d 706; Daniels v. State, 243 Ala. 675, 11 So.2d 756; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Jackson v. State, 229 Ala. 48, 155 So. 581.

Our task in finding a correct answer to the instant inquiry has been exceedingly difficult, because we clearly sense the grave injustice that can so easily inure to an accused by the introduction in evidence of other alleged offenses. However, our decision cannot rest alone upon the apprehension of this disadvantage. Harm necessarily follows to an accused when any material evidence is introduced which tends to establish his guilt.

■ The court below permitted the officers to testify that Miss Eddins pointed out to them the place where the appellant stopped his car on the by-road. The introduction of this evidence was not harmful to the defendant. There was no dispute about the locale of the alleged offense. Jones v. State, 23 Ala.App. 395, 126 So. 178.

We do not deem it to be of any authoritative value to treat the other questions relating to the rulings of the trial court while the evidence was being introduced. We find no insistence in brief of counsel for error here.

Objections were made to several portions of the solicitor's argument to the jury. Each statement found basis in the evidence or permissible inferences therefrom.

■ We will not disturb the judgment of the lower court in overruling the motion for a new trial. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

As indicated we order that the judgment of the court below be affirmed.

Affirmed.

BRICKEN, P. J., dissents.