36 So.2d 561

## SAMUELS v. STATE.
### 6 Div. 404.

Court of Appeals of Alabama.
May 18, 1948.

Rehearing Denied June 15, 1948.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

Horace C. Alford, of Birmingham, for appellant.

BRICKEN, Presiding Judge.

At the July 1946 term of the circuit court, the grand jury of Jefferson County, Alabama, found and returned into open court an indictment against Will Thomas Samuels, which charged that he, "did assault Barbara Donaldson, a woman, with the intent forcibly to ravish her," etc.

When arraigned upon the indictment his final plea thereto was "not guilty." The trial resulted in the conviction of the defendant of assault with intent to ravish as charged in the indictment. The trial court duly adjudged the defendant guilty, and fixed his punishment at imprisonment in the penitentiary for a term of six years. From the judgment of conviction this appeal was taken.

The evidence introduced on behalf of the State tended to show that Barbara Donaldson, who is now Mrs. Douglas Golden, was proceeding from her home in Jefferson

County to the place of her employment. It appears from the evidence that Miss Donaldson had been to lunch, and around noon on her way back to the place of her employment, she was accosted by this appellant, and appellant asked Miss Donaldson if she wanted to see him, "using some vulgar words," and thereafter he unbuttoned his breeches and exposed his private parts to Miss Donaldson and told her he was going to take her up in the woods and used "another vulgar phrase," and ran toward Miss Donaldson. The evidence on behalf of the State further tends to show that Miss Donaldson ran up the road and appellant ran after her. The evidence further tends to show that appellant came within two or three feet of her when he was pursuing her. The evidence further tends to show that Miss Donaldson ran about three-quarters of a mile; and upon her arrival at her place of employment, she told of this affair and a search was begun for the person who accosted her. The evidence tends to show that two days after this occurrence, this appellant was arrested and positively identified by Miss Donaldson as being the man who made the assault upon her.

The defendant set up an alibi as his defense, and strenuously insisted that he was not the person who committed the offense, and he testified that at the time the offense was committed he was at another and different place, some distance removed from where the undisputed offense was committed. He offered testimony of two or three other witnesses in corroboration of his evidence on this question. Defendant's witness Dollie White testified that the defendant who lived within a hundred feet of her home, came to her home at about 9 o'clock on the morning of the day the alleged offense was committed and that he remained there all day without leaving until four-thirty o'clock that afternoon.

In contradiction of this said statement, State witness Mr. C. W. Gafford, the deputy sheriff who arrested defendant, testified that on Tuesday, the day the offense was committed and a short time thereafter, he saw and talked to defendant on the highway near the scene where the offense complained of occurred.

Witness Gafford also testified, after a full and complete predicate had been laid, that after he had arrested defendant on Thursday defendant told him he had met this girl but he didn't intend to hurt her. "He said he was playing with her, he didn't intend to hurt her."

Pending the trial of this case several exceptions were reserved to the court's rulings upon the admission of the evidence. Each of said exceptions has been examined and considered as the law requires. We discover no ruling of the court in this connection to warrant a reversal of the judgment of conviction from which this appeal was taken. No insistence of error is presented in the assignments of error as to said exceptions referred to.

■ The principal and controlling question upon this appeal is the sufficiency vel non of the evidence to authorize a submission to the jury of the inquiry as to the defendant's guilt or innocence of the intent to ravish. In other words, the defendant's insistence is that the court should have instructed the jury affirmatively, as requested by him, that the defendant could not be convicted of an assault with intent to ravish.

We are not in accord with the foregoing insistence for under the accepted rule oft announced by the appellate courts of this State the trial court was without authority to take the case from the jury and direct a verdict for the defendant.

■ The rule referred to is: On a charge of assault with intent to commit rape, the evidence, to be sufficient to justify the conviction, must show such acts and conduct on the part of the accused as would leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part.

Under the conflicting evidence in this case the court properly submitted it to the jury for consideration and determination. Also under the authorities in this State the evidence was sufficient to warrant the court in submitting to the jury the question as to whether or not there was on the part of defendant an intent to rape.

The facts in this case as above stated were similar, but even stronger than the facts in some of the following cited cases, wherein the courts sustained a conviction for assault with intent to rape. Kelly v. State, 1 Ala.App. 133, 56 So. 15; Wilson v. State, 22 Ala.App. 554, 117 So. 615; Burton v. State, 8 Ala.App. 295, 62 So. 394; Pumphrey v. State, 156 Ala. 103, 47 So. 156; Richardson v. State, 23 Ala.App. 260, 123 So. 283.

We abstain from the usual custom of setting out in this opinion the facts in the above quoted authorities. By mere reference to said cases as indicated, the facts of each of the cases can be ascertained.

The action of the trial court throughout was in line with what has here been stated, and referred to, hence there appears no error prejudicial to the substantial rights of the defendant in any of the rulings complained of, the result being this case is due to be affirmed. It is so ordered.

Affirmed.