42 So.2d 491

## SMITHERMAN v. STATE.

### 5 Div. 276.

Court of Appeals of Alabama.

May 17, 1949.

Rehearing Denied June 21, 1949.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appeal is from appellant's conviction on an indictment charging assault with intent to ravish.

In the trial below appellant interposed a plea of not guilty, and also a plea of not guilty by reason of insanity.

The evidence introduced by the State was directed toward showing that around 9:00 P. M. on December 22, 1945 the prosecutrix, a young lady 19 years of age, arrived at Jemison, Alabama, on her way to her parents' home out from Jemison.

She saw and spoke to appellant who had just returned from the Navy service.

The prosecutrix then saw a young man named Smoot Cofer, and stated she would get him to take her to her parents' home.

J. B. Atkinson, of Clanton, for appellant.

Appellant carried her suit case to Cofer's automobile. She observed he had been drinking.

In the Cofer car the prosecutrix sat between Cofer and the appellant. They left Jemison "laughing and talking," and headed out the Norris Hill Road.

At a point about a quarter of a mile from Jemison appellant tried to kiss prosecutrix, and then, according to the prosecutrix:

"I told him—Smoot told him to quit, and he told Smoot to make him quit and then he said if you are going with us to quit, and he said there wasn't no God-dam body could make him quit and that he had been in the Navy and had fought in this war to make it a free country and could do as he pleased. I told him to stop the car and let me out and I would go back to Jemison and get a cab. He stopped the car and I went to the back to bring my suit case and he said he wanted to rape me and I think I will and he started dragging me off down the road.

    *    *    *    *    *    *

"Well, he got me on the bank and I had on a long coat and he was pulling at my coat and I slipped out of the coat and left him holding the coat and I remember my intentions were—

    *    *    *    *    *    *

"Yes, and got in the car and they tried to crank it and they had to use wires and they didn't know how to wire it up to crank it. He carried me back to the car and I got out and Adolph put me back in and I got out again and Smoot told me, he said, get in there and we would go on and take Adolph home first and he wouldn't have time to do anything because he would drive fast. I got back in the car and got on to Adolph's house and Smoot started to stop, and he said, don't you stop this car, Goddam you, I will kill the both of you. Smoot kept stopping and he reached up and doubled his fist and said, I say not to stop this car, and Smoot drove on close to Jess Cofer's and he said, stop this car, and Smoot said I am going to stop, but he kept going and then he jerked the car out of gear."

When the car stopped this time Smoot Cofer left to seek help. After Cofer had gone appellant pulled prosecutrix out of the car, and pushed her into a nearby ditch. There, according to prosecutrix his conduct, efforts, and language were such that the jury was abundantly justified in concluding that it was appellant's intent to ravish the prosecutrix despite strong resistance on her part. Eventually the prosecutrix told appellant that if he would let her get in the car she would consent. Appellant then let her get up with the statement that she had better remember that when she got in the car. When appellant permitted prosecutrix to get up she pulled loose from him and ran into Jess Cofer's house.

The prosecutrix further testified that during her struggle with appellant at the first stop she lost a heel from one of her shoes. She later had seen this heel in the Sheriff's office and identified it as being the one she lost off her shoe.

Smoot Cofer testified for the State. His account of the occurrences during the time he was with appellant and prosecutrix on the night in question is largely corroborative of the testimony of the prosecutrix.

Mr. Luther Kendrick, a member of the State Highway patrol, testified that on the day following the alleged offense now under consideration, he, together with a Mr. Thornton, Mr. Rucker and Mr. Tillery, drove out the Norris Hill Road. Over appellant's objection this witness was permitted to testify that at a point about a half mile from Jemison he found a lady's shoe heel on the south side of the road, and that at this place "the ground was scarred up there, it looked like some person had been dragged."

This witness further testified that on this same day he stopped at a point about 75 yards from Jess Cofer's place, and here he found the ground scarred, and "numerous ladies' tracks and men's tracks" and "one of the ladies' tracks there at the place had no heel." Appellant's motion to exclude this testimony was denied.

For the defense the appellant testified in his own behalf. His testimony in no way traverses the evidence offered by the State. Appellant merely contended that he remembered nothing of the alleged occurrence on the night in question, but merely remembered getting out of his brother's automobile somewhere in Jemison earlier in the evening of the day in question.

The defense also offered several lay witnesses whose testimony tended to establish that appellant was of unsound mind, and also that he was intoxicated, at the time of the alleged offense.

The defense also offered Dr. Charles Moore, who testified as an expert on mental diseases. Dr. Moore's testimony consisted largely of a discussion of various types of mental diseases or derangements. He however testified that he had never examined appellant and knew nothing of his mental condition.

In rebuttal the State offered lay witnesses whose testimony was to the effect that appellant was of sound mind.

■ Appellant's counsel argues that the lower court erred in its rulings in connection with the testimony of Highway Patrolman Kendrick as to what he found at the two places mentioned in his testimony. There was no evidence disputing the testimony of the prosecutrix and Smoot Cofer as to the locale of the two places where Cofer's car was halted and appellant's conduct at these places, and the ensuing struggle, nor was prosecutrix' testimony that she lost a heel from one of her shoes during the struggle at the first stop disputed. Without intimating that the testimony of Kendrick was not otherwise properly admitted, it is clear that no error can be attached to the court's rulings in the above instances on the principle that where a fact is undisputed, error in admitting evidence bearing alone on such undisputed points is error without injury. Jones v. State, 23 Ala.App. 395, 126 So. 178; McKenzie v. State, 33 Ala.App. 7, 33 So.2d 484.

■ Mr. E. D. Dawson, a witness for the defense and a relative of appellant's, testified that he saw appellant on the afternoon before this alleged assault, and at this time appellant had behaved in an abnormal and irrational manner, and in his opinion the appellant was of unsound mind at this time.

During the cross examination of this witness the Solicitor, over appellant's objection and exception, was permitted to ask the following question: "Q. Well, being a relative of yours, you didn't do anything —in other words, his condition was not such that you did anything toward getting anyone to take charge of him?"

The witness answered in effect that he had been trying to catch a ride home and did not remember whether he or appellant left first.

We find no error in the court's ruling on this question. It tended to furnish the jury some basis for determining the basis of witness' true estimate of appellant's condition, and was within the wide latitude allowable on cross examination.

■ Appellant's counsel also argues that the court erred in the following rulings made during the examination of the prosecutrix:

"Q. What position, or condition, if any did he have your clothes in? A. He had them nearly torn off.

"Mr. Atkinson: We object to that your honor and move to exclude the statement.

"The court: She can show the condition of the clothes at the time.

"Mr. Atkinson: We move to exclude it your honor.

"The court: Overruled.

"Mr. Atkinson: Exception.
* * * * * *

"Q. What if anything did he do? A. He tried to pull my pants down."

The court overruled appellant's general motion to exclude the above answer.
* * * * * *

"Q. What did he do when he took hold of them? (Referring to prosecutrix' panties).

"A. He tried to pull them down.

"Mr. Atkinson: We object to that your honor.

"The court: Overruled.

"Mr. Atkinson: We except."

Counsel's contention that all of the above rulings constituted error is patently without merit. All of the answers were, in our opinion, nothing more than a short hand rendering of a collective fact derived from the personal observation of the prosecutrix, and as such properly admissible. See Ala. Dig., Criminal Law, ☞451 (1) (4) for innumerable cases illustrating said principle.

In addition, the general objections interposed, and motions to exclude, unsupported by any grounds, would preclude a reversal of this cause because of the rulings of the court in these instances, even assuming questions as framed or the answers elicited may have been noxious. Clearly the questions and answers were not noxious to all rules of evidence, and were not incapable of being made legal by other evidence or by reframing the questions. Error will not be visited on a trial court under such conditions. Walker v. Jones, 33 Ala.App. 348, 34 So.2d 608. Indeed, as above stated, we think the questions and answers were properly admitted, and that no basis for assuming any illegal tendency in them exists.

In our opinion the evidence presented by the State was abundant in its tendency to establish all of the elements requisite to support the verdict of guilty rendered by the jury.

It was solely within the province of the jury under the evidence submitted to determine the mental condition of the accused as it may have been affected either by mental disease or intoxicating liquor. This issue was determined adversely to appellant. Under the evidence submitted in our opinion no ground exists for declaring such conclusion arbitrary.

Affirmed.

BRICKEN, P. J., not sitting.