41 So.2d 429

**WOMACK v. STATE.**

8 Div. 772.

Court of Appeals of Alabama.
June 21, 1949.

H. T. Foster, of Scottsboro, for appellant.

A. A. Carmichael, Atty. Gen. and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendant below was charged with and convicted of possessing prohibited liquor.

Briefly, the evidence for the State showed that the appellant and his wife were in an automobile. At the time, the car was

stopped about one city block from their home. They were about to enter the main highway from a side road. The appellant was under the steering wheel.

As the officer approached, he saw the wife of the accused throw two pint bottles of whiskey from the inside of the car to the side of the road. About thirty feet away the officer found a sack containing ten pints of whiskey. This, together with the two bottles which were thrown from the automobile, was taken by the officer and introduced in evidence.

The appellant and his wife both testfiied in the case. They admitted that they were in the car and were stopped as indicated. Each denied that any whiskey was thrown from the automobile and both disclaimed any knowledge of the ten pints which were found in the sack.

The prime questions which are presented for our review are whether or not the court erred in overruling appellant's motion to exclude the evidence and the refusal of the general affirmative charge.

In approaching these questions we are required to take the evidence in its most favorable light for the prosecution. Jones v. State, 33 Ala.App. 451, 34 So.2d 483.

It is a legal truism that the offense charged is susceptible of a joint commission. Green v. State, 30 Ala.App. 94, 2 So. 2d 324.

It is also well established by the authorities that a conviction does not necessarily depend upon proof of ownership of the prohibited liquor by the accused. Green v. City of Demopolis, 20 Ala.App. 115, 101 So. 529; Boykin v. State, 23 Ala.App. 598, 129 So. 491; Thompson v. State, 32 Ala. App. 402, 27 So.2d 55.

If the jury was convinced from the evidence by the required measure of proof that the defendant, either alone or in conjunction with another, was in the consructive possession of the whiskey, this would sustain a conviction. Harbin v. State, 210 Ala. 55, 97 So. 426.

The matter of the propriety of the refusal of the general affirmative charge to the accused is often reviewed by our appellate courts, and it is seldom found that any two cases are in exact factual counterpart.

In the instant case, we hold that the affirmative charge was not due the appellant. The following authorities lend support to our view. Barnes v. State, ante, p. 183, 38 So.2d 21; Thompson v. State, supra; Dotson v. State, 24 Ala.App. 216, 135 So. 159; Pounders v. State, 24 Ala.App. 394, 135 So. 653.

We would be out of harmony with the rules by which we are guided to base error on the ruling of the court in the matter of the motion for a new trial. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Vernon v. State, 239 Ala. 593, 196 So. 96.

Although the appellant's wife was not jointly charged it was proper to allow the officer to testify that she threw the whiskey out of the car. This was a part of the res gestae. Dotson v. State, supra.

It was not error to allow proof that within thirty feet of the place where the appellant's car was stopped a sack containing whiskey was found. The officer made this discovery forthwith after he picked up the two bottles which he claimed were thrown from the car.

As we have noted, this sack was within a city block of appellant's home. McGee v. State, 25 Ala.App. 361, 146 So. 628.

In consonance with this doctrine, it did not constitute error for the State to introduce in evidence the whiskey found in the sack.

We find in some instances during the progress of the examination of witnesses that appellant's counsel interposed objections to questions after answers thereto were made. Kelley v. State, 32 Ala. App. 408, 26 So.2d 633.

There appear in the record charges numbered 3 and 5. Neither of these bears the endorsement "given" or "refused." Charge 3 does contain the signature of the judge. This does not meet the demands of the rule. Title 7, Sec. 273, Code 1940; Berry v. State, 231 Ala. 437, 165 So. 97.

The questions to which we have not responded relate to elementary legal prin-

ciples. A discussion of them is not required.

The judgment of the court below is ordered affirmed.

Affirmed.

BRICKEN, P. J., not sitting.