43 So.2d 323

### MAXWELL v. STATE.

2 Div. 789.

Court of Appeals of Alabama.

Dec. 6, 1949.

Pitts & Pitts, of Selma, for appellant.

A. A. Carmichael, Atty. Gen., and Neil Metcalf, Asst. Atty. Gen., for the State.

CARR, Judge.

Reuben and Ernest Maxwell, brothers, were jointly indicted for murder in the first degree. After severance, Reuben was tried and convicted of manslaughter in the second degree. This appeal is predicated on this judgment of conviction.

Without conflict in the evidence, Ernest struck the deceased, James Morrow, a fatal blow on the head with a wooden stick or truck body standard.

The State contends that the appellant aided and abetted his brother in the commission of the offense.

In this aspect the evidence for the prosecution tended to show that the above named parties, with others, were traveling on a logging truck. While they journeyed the vehicle was stopped to permit one of the occupants to talk to a girl who was walking along the road. While this conversation was in progress a dispute arose between Reuben and the deceased concerning a claimed gambling debt. The appellant contended that James Morrow owed him the money.

This argument continued for a while and until the party, including the girl, got on the truck. The deceased attempted to get on, but the appellant told him he could not ride until he paid the gambling debt. One of the State's witnesses testified that appellant pushed the deceased back and told him he could not ride. After the decedent was not permitted to get on the truck, he started walking down the road and was immediately followed by appellant. The latter had some "bucking tongs" in his hand. As appellant was in the act of striking the deceased with the tongs, Ernest rushed up and inflicted the fatal blow, as we have indicated.

There was evidence that the appellant struck the deceased on the hip with the tongs after the latter had been knocked down by Ernest.

"Bucking tongs" were described as a piece of iron which is used to fasten or secure lumber or logs on the truck.

The defendant and his brother testified that James Morrow, the deceased, pulled Reuben off the truck and was threatening to cut the latter when Ernest struck James. The appellant denied that he had the "bucking tongs" or any other weapon.

This is a rather scant delineation of the tendencies of the evidence, however we have attempted to set out the parts pertinent to our review.

The words aid and abet "comprehend all assistance rendered by acts, words of encouragement or support, or presence, actual or constructive, to render assistance, should it become necessary. No particular acts are necessary. If encouragement be given to commit the felony, or if, giving due weight to all the testimony, the jury are convinced beyond a reasonable doubt that the defendant was present with a view to render aid, should it become necessary, then that ingredient of the offence is made out." Raiford v. State, 59 Ala. 106. See also, Jones v. State, 174 Ala. 53, 57 So. 31, 32.

"If there is no prearrangement or preconcert, mere presence, with the intent to give aid if necessary, is not aiding or abetting 'unless the principal knew of the presence, with intent to aid, of such person.'" Jones v. State, supra.

As we observed in Pruett v. State, 33 Ala.App. 491, 35 So.2d 115, 118: "It is a legal truism, approved by all the authorities, that a conspiracy may be established or proven by circumstantial evidence, and

it is not required to show that the prearrangement existed for any definite time prior to the commission of the crime in consummation thereof. As it has been expressed, it may be formed 'on the spur of the moment.'"

■ In reviewing the propriety vel non of the refusal of the general affirmative charge for the defendant in a criminal case, we must accept as true the evidence introduced by the State and weigh all the proved facts in their most favorable light for the prosecution. Jones v. State, 33 Ala.App. 451, 34 So.2d 483; Womack v. State, ante, p. 487, 41 So.2d 429.

■ We hold that the appellant was not due the general affirmative charge. Morris v. State, 146 Ala. 66, 41 So. 274; Jones v. State, 174 Ala. 53, 57 So. 31; Kelly et al. v. State, 31 Ala.App. 194, 13 So.2d 691; Pruett v. State, supra.

■ The indictment in the case at bar avers in part: "The Grand Jury of said County charge that before the finding of this indictment Reuben Maxwell, *whose name to the Grand Jury is otherwise unknown* * * *." (Emphasis ours.)

The appellant testified that his true name was as alleged in the indictment and that he had never been known by another name. Evidence was introduced which tended to show that the grand jury was apprised of the fact that the accused was known only by the name of Reuben Maxwell.

In this state of the record it is insisted that the general affirmative charge should have been given in defendant's behalf "in that the indictment charged that the appellant, Reuben Maxwell's name was otherwise unknown to the Grand Jury, and the evidence shows that the Grand Jury knew that Reuben Maxwell was his true name."

There is a line of authorities which give emphasis and purport to the provisions of Sections 240 and 241, Title 15, Code 1940.

"240. The indictment must be certain as to the person charged; but when his name is unknown to the grand jury, it may be so alleged without further identification."

"241. Any fact which is unknown to the grand jury, and which is not a material ingredient of the offense, may be so charged in the indictment."

Some of these authorities review the legal application and significance of the averment in the indictment, "whose Christian name is to the grand jury otherwise unknown" and "whose Christian name is to the grand jury unknown." We do not think that any of these authorities are analogous to the case at bar or in any manner controlling.

In the case at bar the defendant was known only by the name of Reuben Maxwell. Proof of this fact was made to the grand jury. According to the evidence, the grand jury knew the appellant by no other name than Reuben Maxwell. Therefore, it was a true presentment when the indictment alleged, "whose name to the Grand Jury is otherwise unknown." It follows that there was no variance in the allegations and the proof.

The word "otherwise" means "in a different manner; in another way, or in other ways." Webster's New International Dictionary. See also, 30 Words and Phrases, Perm.Ed., page 495; Cyc. Law Dictionary, 3d Ed., p. 796.

There were very few rulings invoked while the introduction of the evidence was in progress. We have carefully examined each of these, and we do not find any that merit our comment.

■ Written charge number 5, which was refused to the appellant, is an exact counterpart of charge 25 in the case of Bankhead v. State, 33 Ala.App. 269, 32 So. 2d 814, and charge number 8 in Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885. We reaffirm our holding in those cases.

■ Refused charge number 7 contains the misused word "referred." By its use the instruction is without meaning. Louisville & N. R. Co. v. Lile, 154 Ala. 556, 45 So. 699; Walker v. State, 33 Ala.App. 614, 36 So.2d 117.

Charge number 8 refused to defendant is substantially a duplicate of number 5 which we reviewed above.

⬛ ⸀Refused instruction number 9 is not predicated on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Scott v. State, ante, p. 18, 37 So.2d 670.

⬛ Charge A, which was refused, is substantially covered by given charges and the oral instruction of the court. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

In consonance with the authorities we are not authorized to hold that the trial judge was in error in denying the motion for a new trial. Freeman v. State, 30 Ala. App. 99, 1 So.2d 917; Booth v. State, 247 Ala. 600, 25 So.2d 427.

⬛ In the judgment entry the court failed to set out the number of days the appellant is required to serve to pay the costs of the court. This is necessary. Crane v. State, 33 Ala.App. 284, 32 So.2d 784; Title 15, Sec. 342, Code 1940.

The judgment of the court below is ordered affirmed and the cause is remanded for proper sentence.

Affirmed. Remanded for proper sentence.