48 So.2d 68

### McCLUSKEY v. STATE.
6 Div. 51.

Court of Appeals of Alabama.

Aug. 8, 1950.

Rehearing Denied Oct. 3, 1950.

Powell & MacLaurin, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

The basis for this appeal is a judgment of conviction for assault with intent to rape.

In many aspects the evidence is not in dispute.

It appears that at about midnight on January 15, 1949, Miss Evelyn Ingle (the prosecutrix), Bobbie Holt, and the accused

left Rainbow Inn in Walker County, Alabama and proceeded in an automobile in the direction of Miss Ingle's home. En route, according to the testimony of the young lady, the appellant assaulted her. She freed herself from his approaches and ran forthwith to her home a short distance away.

We will not attempt to delineate the details of the occurrences. As to what transpired at the immediate scene of the alleged crime, the evidence is in irreconcilable conflict. The defendant admitted that he asked Miss Ingle "for a date", but she would not give her consent. He admitted, also, that he "teased" and fondled the young lady. It appears that both men in the company were drinking.

The prime factual inquiry centers around the question of whether or not the potency of the evidence is sufficient to sustain the verdict of assault with intent to rape.

Our review is invited to this inquiry by the request for the general affirmative charge in appellant's behalf and a motion for a new trial.

■ In determining whether or not the general affirmative charge was due the accused, we are required to take the evidence in its most favorable light for the prosecution. Jones v. State, 33 Ala.App. 451, 34 So.2d 483; Womack v. State, 34 Ala. App. 487, 41 So.2d 429; Maxwell v. State, 34 Ala.App. 653, 43 So.2d 323.

■ The rule by which we are guided is stated in Samuels v. State, 34 Ala.App. 13, 36 So.2d 561, 562: "On a charge of assault with intent to commit rape, the evidence, to be sufficient to justify the conviction, must show such acts and conduct on the part of the accused as would leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part."

■ If there is evidence from which it can be reasonably inferred that the accused intended to gratify his lustful desires against the resistance of the female, at the time he assaulted her, a jury ques-

tion is posed. Gilbert v. State, 28 Ala. App. 206, 180 So. 306.

■ In our view the evidence in the case at bar meets the demands of this doctrine. Kelly v. State, 1 Ala.App. 133, 56 So. 15; Brooks v. State, 8 Ala.App. 277, 62 So. 569; Dudley v. State, 121 Ala. 4, 25 So. 742; Pumphrey v. State, 156 Ala. 103, 47 So. 156; Brown v. State, 121 Ala. 9, 25 So. 744; Richardson v. State, 23 Ala.App. 260, 123 So. 283; Samuels v. State, supra.

We are convinced also that we would be out of harmony with the authorities to declare that the lower court was in error in denying the motion for a new trial on the ground the verdict was contrary to the great weight of the evidence. Booth v. State, 247 Ala. 600, 25 So.2d 427; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Autry v. State, 34 Ala.App. 225, 38 So.2d 348.

■ Without dispute in the evidence the prosecutrix ran forthwith from the scene of the alleged assault to her home. En route she tore her stockings. Over the objections of appellant the hose were introduced in evidence. These were not sent up to this court, and we are not privileged to inspect them. In any event, the exhibits relate to circumstances that were not in dispute, and we are clear to the conclusion that the rights of the accused were in no manner jeopardized by the introduction of these garments. McKenzie v. State, 33 Ala.App. 7, 33 So.2d 484; Smitherman v. State, 34 Ala.App. 498, 42 So.2d 491; Stallings v. State, 249 Ala. 1, 32 So.2d 233.

■ Appellant's counsel attempted to prove that the reputation of Rainbow Inn was not good and that people of questionable character frequented the place. This related to immaterial matters, and the court properly denied the effort to make the proof.

■ Mrs. J. P. Ingle, mother of the prosecutrix, gave evidence relating to the time when her daughter reached home on the night in question. The witness was permitted to state that Miss Ingle ap-

peared to be nervous and excited. The rule of evidence was not violated here. Badger et al. v. Hollon, 27 Ala.App. 534, 175 So. 700; Allford v. State, 31 Ala.App. 62, 12 So.2d 404; White v. State, 237 Ala. 610, 188 So. 388.

The mother testified concerning certain statements her daughter made upon her arrival at the home. This included some details of the occurrences between the prosecutrix and the appellant at the place of the alleged crime.

 It was not improper for the State to prove by the mother that her daughter made complaint. Arrington v. State, Ala. Sup., 43 So.2d 644.[1] However, this should not include the details of what occurred nor the name of the accused. Curry v. State, 23 Ala.App. 140, 122 So. 303; Taylor v. State, 20 Ala.App. 161, 101 So. 160.

A careful analysis of the record in this aspect leads to the conclusion that the applicable rule was not observed in every respect. We find, however, that when a violation appears proper objections were not interposed. If so, there were no exceptions reserved to the ruling of the court. In some instances the objections came after answer to the question.

In the state of the record we are not authorized to charge error on account of any ruling incident to the introduction of this character of evidence. York v. State, 21 Ala.App. 155, 106 So. 797; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

It appears that the juror, Neil Dodd, was remotely related by affinity to the prosecutrix. This degree of relationship was not within the degree which would give rise to ground for challenge under the provisions of Title 30, Sec. 55, Code 1940.

At the beginning of the trial proceedings the judge inquired of the prospective jurors whether or not any of them were related by blood or marriage to the prosecutrix. There were no affirmative answers. Mr. Dodd was selected as one of the twelve jurors to try the case.

The question is presented in one of the grounds for a motion for a new trial.

Evidence was taken in support of the position. Mr. Dodd testified that at the time of the trial he did not know the prosecutrix and had no knowledge of the remote kinship between his wife and Miss Ingle. It appears also that at the time the jury was selected neither the defendant nor his attorney knew of the relationship.

It seems that the authorities have settled this question contrary to the contention of the appellant. Carson v. Pointer, 11 Ala.App. 462, 66 So. 910; Edwards v. State, 28 Ala.App. 409, 186 So. 582.

There were several written charges refused to the appellant. Some of these are elliptical. Others are misleading. Those that state a correct principle of law are covered by the oral charge and given written instructions. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala. App. 644, 29 So.2d 677.

We have responded to all questions which merit our treatment.

It is ordered that the judgment below be affirmed.

Affirmed.