Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

53 So.2d 766

**HILL v. STATE.**
8 Div. 947.

Court of Appeals of Alabama.
June 29, 1951.

CARR, Presiding Judge.

The accused was convicted under an indictment charging the offense of assault with intent to ravish. The prosecutrix is Mrs. Mildred Olive.

The evidence consists only of the testimony of witnesses introduced in behalf of the State.

According to the testimony of Mrs. Olive she went to the residence of the appellant at about 10 A.M.

The defendant and his wife left, but the former soon returned and the witness and the accused were then in the home alone. Forthwith after his return, the appellant took hold of the prosecutrix and said: "Give me some sugar." After refusal and considerable physical resistance, the defendant cursed the woman, threatened to kill her and declared that he was going to have sexual relations with her. The opposed advances continued, during which time the defendant placed his hands on the body of the prosecutrix; and she testified that he "pulled my pants down. I scratched him in the face. He said, 'You had better quit hollering.'"

During the scuffles the appellant struck the lady over the head and on the mouth. Finally she freed herself and went to a nearby filling station.

Mrs. Olive testified that the defendant was drinking.

The witness related the occurrences in much detail. We have not attempted to delineate all the circumstances disclosed by her testimony.

When Mrs. Olive reached the filling station she was seen by several persons. Some of these testified that, as the lady approached, she was screaming and crying. When she was in their presence they observed her nervous and excited demeanor and that she had bruises and blood on her lips.

The above recitation of the evidence will serve sufficiently for a reviewable background.

In brief appellant's attorney states:

"This conviction was based upon surmised conjecture and there is not any evidence showing a felonious intent. Taking evidence in the most unfavorable light against the appellant, the testimony of the alleged injured party tends to show an indecent and unlawful assault upon her by the appellant. But this evidence does not make out the necessary intent on his part to have intercourse with her by force or fear and against her consent. It tends rather to show that his intent was to obtain her consent to his having sexual intercourse with her."

It is true, of course, that, to sustain a conviction of the charge of instant concern, the evidence should establish such acts and conduct on the part of the accused that no reasonable doubt can be entertained that he intended to gratify his lustful desire against the consent of the female and notwithstanding her resistance.

The intent raises the act to the gravity and culpability of a felony. Intent being a condition or state of the mind, it is rarely susceptible of direct proof, and usually must be inferred from the facts in the case and the circumstances as developed by the evidence.

We will not attempt to analyze the evidence in the case at bar.

The following authorities support our view that the defendant was not due the general affirmative charge. Brooks v. State, 8 Ala.App. 277, 62 So. 569; Pumphrey v. State, 156 Ala. 103, 47 So. 156; Samuels v. State, 34 Ala.App. 13, 36 So.2d 561; Wilson v. State, 22 Ala.App. 554, 117 So. 615; Gilbert v. State, 28 Ala.App. 206, 180 So. 306; McCluskey v. State, 35 Ala. App. 456, 48 So.2d 68.

Under the familiar rule we are not authorized to hold that the lower court was in error in denying the motion for a new trial.

On cross examination Mrs. Olive was asked if she did not go back to appellant's home and "spend the night that night." To which she replied: "Yes, I did because his wife insisted." It appears that the lady remained in the home until noon the next day, at which time the appellant returned.

In this connection the prosecutrix testified that when Mrs. Hill extended her the invitation to go to her home and insisted on an acceptance, she was given the assurance by Mrs. Hill that the appellant would not get out of jail during the night.

In this state of the record, on redirect examination, Mrs. Olive was asked: "Did Mrs. Hill promise to take you out to G. H. Olive's?" General grounds of objections were interposed and overruled. The witness replied: "Yes, she told me she would take me out there or anywhere I wanted to go—to my father's in Savannah, Tennessee—"

Defendant's counsel first injected into the evidence the facts concerning the prosecutrix' return to appellant's home and her sojourn there.

This circumstance was calculated to cast suspicion and doubt on the sincerity, verity, and accuracy of her testimony relating to the acts and conduct of the accused at the time of the alleged assault.

In fairness to the prosecution we think that an explanation was due to be afforded. Therefore, the State was properly allowed the opportunity to rebut or explain the unfavorable inference that might have sprung from the proof of the prosecutrix' return to the home. Brooks v. State, supra; Boyett v. State, 8 Ala.App. 93, 62 So. 984; Morgan v. State, 88 Ala. 223, 6 So. 761; 2 Ala. Digest, Appeal & Error, ☞ 882(8).

There is another approach to this review. The reply to the question which was asked on cross examination and which is quoted supra was not in every respect responsive. However, no effort was made to have this portion excluded.

The answer in its entirety brings into the evidence a part of the conversation between Mrs. Olive and Mrs. Hill. The question to which objections were interposed (the matter we are now considering) sought to elicit other parts of the conversation which was first inquired into by appellant's counsel.

Under the rule, the State had this right. The ruling of the court, therefore, can be justified on this theory.

We have responded to each question of meritorious moment and do not find any prejudicial error in the record.

The judgment below is ordered affirmed.

Affirmed.