55 So.2d 223

## McGEE v. STATE.

### 3 Div. 937.

Court of Appeals of Alabama.

Nov. 20, 1951.

Wm. J. Fuller, Jr., Montgomery, for appellant.

Si Garrett, Atty. Gen., and J. W. Arbuthnot, Asst. Atty. Gen., and Marvin Cherner, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

The accused was indicted and convicted of the charge of assault with intent to rape.

The alleged assaulted party was twelve years of age at the time of concern.

The State's salient facts are as follows: The prosecutrix was en route by bus from Birmingham to Hurtsboro, Alabama. She missed her connecting bus in Montgomery and was waiting in the bus station. At about 9:30 P.M. the defendant, a stranger to the girl, approached her and offered to take her to his home for the night. After stopping en route to get some beer, the appellant walked with the girl to a secluded place on the campus of Starke School. There he drew a pocket knife and demanded that the prosecutrix remove her clothing. When she refused, he forcibly removed her shoes, socks, jeans, and bloomers, leaving her clad only in a blouse and coat. The accused threw the girl down on the ground and unbuttoned his trousers, exposing his private parts. At this time the girl told the appellant that she had to urinate and asked to be permitted to step aside for this purpose. The permission was granted with the command that she return forthwith.

The prosecutrix did not return, but instead ran to the residence where the beer had been secured.

The officers found the girl's pocketbook in possession of the appellant when he was arrested later the same night. They also discovered her clothing at the place of the claimed assault.

Concerning the circumstances of the alleged assault, the defendant testified that after he had gotten the beer he and the girl walked together a short distance, the latter gave him her purse, and requested that he wait there a short time. She was gone about ten or fifteen minutes. When she returned she did not stop, but ran past him very rapidly.

On the basis of this evidence we are urged to hold that in respect to the charge of assault with intent to rape the defendant was due the general affirmative charge.

In approaching this review we are required to take the evidence in its most favorable light for the prosecution. Jones v. State, 33 Ala.App. 451, 34 So.2d 483; Womack v. State, 34 Ala.App. 487, 41 So.2d 429; Maxwell v. State, 34 Ala.App. 653, 43 So.2d 323.

The rule by which we are guided is stated in Samuels v. State, 34 Ala.App. 13, 36 So.2d 561, 562: "On a charge of assault with intent to commit rape, the evidence, to be sufficient to justify the conviction, must show such acts and conduct on the part of the accused as would leave no reasonable doubt of his intention to gratify his lustful desire against the consent of the female and notwithstanding resistance on her part." See also, Wilson v. State, 22 Ala.App. 554, 117 So. 615; Pumphrey v. State, 156 Ala. 103, 47 So. 156.

We do not think that it is necessary for us to analyze the evidence to illustrate our view that a jury question was presented on the question of instant concern.

The following authorities support our conclusion. Payne v. State, 148 Ala. 609, 42 So. 988; Brown v. State, 121 Ala. 9, 25 So. 744; Richardson v. State, 23 Ala.App. 260, 123 So. 283; Samuels v. State, supra; Autry v. State, 34 Ala.App. 225, 38 So.2d 348; Smitherman v. State, 34 Ala.App. 498, 42 So.2d 491; McCluskey v. State, 35 Ala.App. 456, 48 So.2d 68.

On cross-examination the mother of the prosecutrix was interrogated by appellant's attorney with reference to a conversation she had with her daughter after the alleged assault. The State was then permitted to bring out other portions of the same conversation. This is permissible under a well established rule of evidence. Wesson v. State, 238 Ala. 399, 191 So. 249; Graham v. State, 233 Ala. 387, 171 So. 895.

We find no reversible error in the record. The judgment below is due to be affirmed. It is so ordered.

Affirmed.